**UNITED STATES of America, Plaintiff,**

v.

**James W. WAHRER, Jr., Defendant.**

**No. A–66–70 Cr.**

United States District Court, D. Alaska.

Nov. 18, 1970.

Douglas B. Baily, U. S. Atty., Anchorage, Alaska, for plaintiff.

Charles R. Tunley, Ross & Tunley, Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

Defendant, James Wahrer, Jr., has filed his motion before this Court requesting that the indictment returned against him be dismissed. As grounds for this dismissal he asserts the claim that delay from the day of the alleged violation to the day of his arrest deprived him of due process, contrary to the Fifth Amendment, and of his right to a speedy trial, contrary to the Sixth Amendment. Briefs were presented by counsel and oral argument was heard by the Court.

The indictment charges the defendant with unlawful possession of a firearm by a convicted felon[1] in violation of 18 U.S.C. App. § 1202(a). The violation is alleged to have occurred on January 28, 1970. The indictment was returned on September 17, 1970, and on the same date a warrant was issued for the defendant's arrest. Defendant was taken into custody on September 28, 1970.

The crux of defendant's argument is that the unjustifiable delay of the United States caused serious prejudice to defendant's case. The period of time which elapsed between the alleged violation and defendant's arrest was two hundred forty-seven days or eight months. Two hundred thirty-three days elapsed between the time of the alleged violation and the return of the indictment.

The first question to be considered by this Court is whether the right to a speedy trial arises before a formal complaint is lodged against the defendant. The government reasons that the language of the Sixth Amendment precludes its application until after arrest or indictment. The government cites as authority for this proposition and as Ninth Circuit law Benson v. United States, 402 F.2d 576, 580 (9th Cir. 1968). See Venus v. United States, 287 F.2d 304, 307 (9th Cir. 1960), rev'd on other grounds, 368 U.S. 345, 82 S.Ct. 384, 7 L.Ed.2d 341 (1961). The defendant, however, urges the Court follow Mr. Justice Brennan's directive in his concurring opinion in Dickey v. Florida, 398 U.S. 30, 39–57, 90 S.Ct. 1564, 26 L. Ed.2d 26 (1970), which decision antedates Benson and Venus.

Indeed, the advancing concept is that the entire period between the date

---

1. In 1966 defendant was convicted of a felony, burglary not in a dwelling, by a state court of the State of Alaska.

of the offense and the sentencing must be considered. The right to a speedy determination of the defendant's guilt or innocence should not be lost merely because the delay occurs before the arrest or indictment, rather than after.[2]

The greater the period between the date of the alleged offense and arrest or indictment the more difficult it will be for the defendant to put forth his defense. With the passage of time he will be less able to remember the circumstances and happenings on the day of the alleged crime. Furthermore, without notice that criminal charges are to be brought against him, he will have no reason to fix such events in his mind. Witnesses also may disappear or die and evidence may be lost. All of these things tend to prejudice the defendant's defense, especially when the government utilizes the delay to strengthen and document its case. As Justice Brennan, concurring in the result in *Dickey* observed: "Thus, it may be that for the purposes of the (Speedy Trial) [C]lause to be fully realized, it must apply to any delay in the criminal process that occurs after the government decides to prosecute and has sufficient evidence for arrest or indictment." [3]

Some courts have held that an indictment can be returned at any time within the period prescribed by the statute of limitations. See, *e. g.*, Benson v. United States, 402 F.2d 576, 580 (9th Cir. 1968); United States v. Panczko, 367 F.2d 737, 739 (7th Cir. 1966), cert. denied, 385 U.S. 1009, 87 S.Ct. 716, 17 L.Ed.2d 546 (1967); United States v. Kaye, 251 F.2d 87, 90 (2d Cir. 1958). The applicable statute of limitations may be considered the primary guarantee against bringing overly stale criminal charges,[4] but it does not have to be the only guarantee. There is no statute of limitations for some crimes; when there are such statutes their limits are subject to change at the will of the Congress, and the rights guaranteed under the Sixth Amendment, Speedy Trial Clause, do not necessarily coincide with the limits set by the applicable statute of limitations.[5]

The defendant further asserts that he has been denied due process of law in violation of the Fifth Amendment. For this proposition he relies most heavily on a line of cases arising in the District of Columbia Circuit.[6] In Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), a conviction for a narcotics violation was reversed on the ground of denial of due process. The court stated that the defendant was unduly prejudiced by the seven month delay between the alleged offense and the sworn complaint.

In the case at bar, the defendant is charged with unlawful possession of a firearm by a convicted felon. This is not a complicated or involved accusation; either the defendant had a .30 calibre carbine in his possession on or about the day alleged or he did not. The government required no long period of time to produce evidence and make certain that it had a case against the defendant. An indictment could have been returned forthwith, and an arrest made promptly. The government has made no showing that it required eight months in which to determine whether or not to indict and subsequently arrest the defendant. When queried by the Court at time of oral argument as to why the government did not present the cause to a Grand Jury prior to September, 1970,

2. Nickens v. United States. 323 F.2d 808, 812–15 (1963) (Wright, J., concurring).

3. Dickey v. Florida, 398 U.S. 30, 46, 90 S.Ct. 1564, 1573 (1970) (Brennan, J., concurring).

4. United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).

5. Dickey v. Florida, 398 U.S. 30, 47, 90 S.Ct. 1564 (1970) (Brennan, J., concurring).

6. Woody v. United States, 125 U.S.App. D.C. 192, 370 F.2d 214 (1966); Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965); Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963) (Wright, J., concurring).

when the crime alleged took place on January 28, 1970, the government counsel stated that he did not know. No valid reason for the delay was suggested. Rather, the government urged that the net result was that there was no entitlement to dismiss, as defendant had shown no prejudice. This is not entirely true. The defendant, in his memorandum in support of motion to dismiss, asserts that he now is unable adequately to prepare his case because of the long delay, that his memory has grown stale, and that he will experience great difficulty in locating witnesses if any remain in the area. The government does not refute these claims.

The Court stated in *Ross* that the defendant's "failure of memory and his inability to reconstruct what he did not remember virtually precluded his showing in what respects his defense might have been more successful if the delay had been shorter. * * * " [7] The specific showing of prejudice can be a difficult task. In what manner can a defendant show that he would have been able to find a particular witness, or piece together a certain bit of evidence if the government had carried through the indictment and arrest judiciously.

Furthermore, it has been held that "a showing of prejudice is not required when a criminal defendant is asserting a constitutional right under the Sixth Amendment," United States v. Lustman, 258 F.2d 475, 477–478 (2d Cir. 1958), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). Also, it has been proposed that after lengthy delay one may assume prejudice, *e. g.*, Hedgepeth v. United States, 124 U.S.App.D.C. 291, 364 F.2d 684, 687 (1966); Taylor v. United States, 99 U.S.App.D.C., 183, 238 F.2d 259, 262 (1956); Petition of Provoo, 17 F.R.D. 183, 203 (D.Md.), aff'd mem., 350 U.S. 857, 76 S.Ct. 101, 100 L. Ed. 761 (1955). As Justice Brennan stated in *Dickey*, "Thus, it may be that

an accused makes out a prima facie case of denial of speedy trial by showing that his prosecution was delayed beyond the point at which a probability of prejudice arose and that he was not responsible for the delay, and by alleging that the government might reasonably have avoided it." [8]

 Under the special facts and circumstances peculiar only to this case, and considering that the government has failed to present any explanation for the delay of eight months, the defendant's right to a speedy determination of the charges was prejudiced.

Therefore, it is ordered:

That defendant's motion to dismiss is granted.

---

7. Ross v. United States. 121 U.S.App.D.C. 233, 349 F.2d 210, 215 (1965).

8. Dickey v. Florida, 398 U.S. 30, 56, 90 S.Ct. 1564 (1970) (Brennan, J., concurring).