**STATE of Alaska, Petitioner,**

v.

**Ray Joseph CLOUATRE, Respondent.**

No. 1964.

Supreme Court of Alaska.

Dec. 17, 1973.

W. H. Hawley, Asst. Dist. Atty., Seaborn J. Buckalew, Dist. Atty., Anchorage, John E. Havelock, Atty. Gen., Juneau, for petitioner.

Larry A. Jordan, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for respondent.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

CONNOR, Justice.

In this petition for review the state asks that we reverse the dismissal of an indictment by the superior court. The indictment was dismissed on the ground that the defendant was not brought to trial within four months from his arrest, as required by Criminal Rule 45.[1] Under Criminal Rule 45(b) certain periods of delay are excluded in computing the time within which the defendant must be brought to trial. In this case the superior court, in making its computation, refused to exclude a period of delay which the state claims should have been excluded. The question is whether the exclusion should have been allowed.

We have decided to grant review. The order of dismissal affects the substantial right of the state to prosecute an alleged criminal offender and it terminates the action. The order is of sufficient substance and importance to merit our review at this time.[2]

The defendant was arrested on October 9, 1972, for attempting to possess marijua-

---

1. That rule provides in part:

   "(b) *Speedy Trial Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within four months from the time set forth in section (c).

   "(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

   (1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. The arrest, arraignment, or service upon the defendant of a com-

   plaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time the defendant was either initially arrested, arraigned, or served with the original charge, and a showing of due diligence in securing defendant for the original charges is made by the prosecution;"

2. Appellate Rules 23(c)(2), and 24(a)(1).

na for distribution and sale. Subsequently he was indicted, pled not guilty on December 22, 1972, and at that time agreed to a 45 day waiver of the four month rule in order to allow his attorney to clear his court calendar. The case was originally set for trial for the week beginning March 5, 1973. However, the case did not go to trial during March, for reasons that are unclear. Defendant was not notified until April 9, 1973, that his case would be tried the next day.

Prior to this, the defendant had filed a motion to suppress on February 20, 1973, which was heard and denied on February 28, 1973. A motion to reconsider the order denying suppression was filed on March 12, 1973, which was heard and denied on March 19, 1973.

On April 9, 1973, the defendant moved to dismiss the indictment on the ground that Criminal Rule 45 had been violated. According to defendant, the four months plus 45 days waiver expired on March 27, 1973. The state argued that the case could properly go to trial up to April 10, 1973, because the period of time between the filing of the defendant's pre-trial motions and the decision on those two motions, a total of fifteen days, should be excluded in computing the time for trial.

The trial court apparently concluded that the delay in bringing the case to trial was not attributable to defendant's pre-trial motions and that there was no good cause to justify the delay. Accordingly, the motion to dismiss was granted.

The precise issue presented by this petition for review is whether the time from the filing of a motion to suppress until the determination of the motion should be considered an excluded period under Criminal Rule 45(d)(1), which provides:

"The following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pretrial motion shall be held under advisement for more than thirty days and any time longer than thirty days shall not be considered an excluded period."

The defendant contends that the plain meaning of the above rule is that only those pre-trial motions which cause a delay in trial should be considered excluded, that filing a motion to suppress may or may not cause a delay in a trial,[3] and that in the instant case the motion to suppress did not cause a delay in the trial because it was timely filed and was heard and determined before trial was to occur. Defendant's interpretation of the language concerning excluded periods is grounded in the strong policy favoring speedy disposition of criminal cases.

On the other hand, the state contends that the plain meaning of Rule 45(b)(1) is that the period of time between the filing of a motion to suppress and the decision on the motion is excluded, regardless of whether the motion caused postponement of the trial date. A simple reading of Rule 45(d)(1) with attention to the last sentence thereof, seems to support the state's construction. The last sentence of Rule 45(d)(1) explicitly limits the number of days which may be considered as an excluded period when a pre-trial motion is held under advisement. The rule contemplates that any period, up to thirty days, during which a motion is held under advisement by the court is an excluded period. This cuts against defendant's argument that there is no excluded period un-

---

3. If, for example, a motion to suppress is filed the day before trial is to begin and the state needs additional time to brief the issue or a comprehensive factual hearing is required, there would be a delay resulting from the motion and the defendant would not be entitled to discharge for delay of trial.

less an act by the defendant causes a setback of the trial date.

The state argues that filing a motion to suppress delays or hinders getting a case to trial because it requires extra work and time on the part of the state and the court. Defendant contends that such a hindrance is negligible and is not what is meant by delay under Criminal Rule 45(d)(1). The state replies that the construction of Rule 45 urged by defendant could lead to absurd results, and tenders a hypothetical situation as an illustration:

> "For one example, if an order for examination of a defendant by a psychiatrist to determine competency is entered the same day the defendant was arrested and arraigned, and assuming further that the determination required consultation with and testing by a psychologist, the psychiatrist's report might well reach the court three months and 30 days after the commencement of the four months period. Assuming further that the psychiatrist was of the opinion the defendant was competent to stand trial under the defendant's construction of the rule, the defendant's trial would have to start the date after he was found competent."

Defendant answers that in such a situation the court would find that the delay resulted from the psychiatric order. It is thus suggested that the question of the cause of the delay must be determined on the particular facts of each case.

We believe that more problems will be created than solved by adopting the defendant's interpretation. We would be left without understandable criteria for determining excluded delays. As defendant admits, it is not possible to know with certainty the real cause of the delay which took place in the instant case. If the difficult question of the cause of the delay must be decided on the facts of each case, as urged by defendant, much litigation on this issue will be generated.[4]

It must be kept in mind that the 120 day period set up by Rule 45 is only a basic datum. A considerably longer period could elapse before trial without resultant unfairness or injustice to the accused. Rule 45, with the excluded period set forth therein, merely sets the outer limits of delay. We believe that the rule will work fairly if it is applied according to its objective terminology. We hold that the excluded periods must be deducted in computing the time for trial, regardless of whether the event giving rise to the period of postponement caused an actual delay of trial.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

4. At least one state with a speedy trial rule similar to Alaska Criminal Rule 45 does require consideration of each case on its own facts to determine whether a defendant's actions actually caused a delay and thereby eliminated his right to claim an unreasonable delay. In Illinois, if the defendant's pretrial motions do not in fact cause an unavoidable delay of the trial date beyond the 120 day limit, the defendant is entitled to discharge if he is not brought to trial within 120 days. *See* People v. Kucala, 7 Ill.App.3d 1029, 288 N.E.2d 622 (1972); People v. Macklin, 7 Ill.App.3d 713, 288 N.E.2d 503 (1972).