**Richard Carl SNYDER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1849.**

Supreme Court of Alaska.

July 15, 1974.

Herbert D. Soll, Public Defender, Ben Esch, Asst. Public Defender, Anchorage, for appellant.

Norman Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER, and FITZGERALD, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Appellant Richard C. Snyder was indicted, tried, and found guilty of the crime of burglary not in a dwelling.[1] In this appeal Snyder asserts that the superior court erred in not dismissing the burglary indictment because the trial under this indictment took place more than four months after arrest, in violation of Criminal Rule 45, Alaska's speedy trial rule.[2]

Snyder was arrested on March 22, 1972, and was indicted on March 30, 1972, for the crime of burglary not in a dwelling, a violation of AS 11.20.100. On April 28, he pled not guilty. Snyder's counsel appeared in superior court on May 26, 1972, and entered a waiver of speedy trial for 30 days on behalf of Snyder, to allow him to submit to a psychiatric examination. Snyder's counsel then filed a motion for a psychiatric examination on June 2. Due to the filing of this motion, the original trial date setting of June 5 was postponed pending the results of Snyder's psychiatric examination.

Snyder was present at superior court hearings on June 21, July 21, August 21, and August 28, at which he personally waived his right to speedy trial in order

---

[1] Snyder was sentenced to serve five years with 30 months of this period of incarceration suspended upon conditions of probation. Snyder's sentence for burglary of the Village Liquor Store premises in Anchorage was made to run concurrently with a 10-year sentence for bank robbery which was imposed by a federal district court.

[2] Crim.R. 45 provides in part:

. . . . .

(b) A defendant charged with either a felony or a misdemeanor shall be tried within four months from the time set forth in section (c).

(c) The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge . . . is served upon the defendant, whichever is first. . . .

. . . . .

(d) The following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, . . .

. . . . .

(7) Other periods of delay for good cause.

that the psychiatric report could be received and reviewed. Psychiatric examination of Snyder took place on July 6, but for reasons unknown the report was not filed in the superior court until over two months later.[3] At each of the aforementioned hearings, the superior court inquired of Snyder if he understood what was happening, advised him of his right to a speedy trial, and determined that Snyder freely and knowingly waived his right to a speedy trial in order to await receipt by the court of the psychiatric report.

On September 11, Snyder's trial was again continued because the report had not been received.[4] On September 18, a psychiatric report was received by the superior court. A competency hearing was held on September 20. Snyder was found competent and trial commenced on November 2, 1972. Prior to trial, Snyder's counsel filed a motion to dismiss the indictment on the ground that Criminal Rule 45 had been violated in that the trial was not commenced within four months of his arrest. The superior court denied the motion and this appeal followed.

Snyder asserts that since his trial was held 142 days after arrest, excluding the periods in which he waived speedy trial, Criminal Rule 45 was violated and the indictment should have been dismissed. We hold that Criminal Rule 45 was not violated in the particular circumstances of this case.

Snyder calculates the excluded period as commencing when he first appeared personally in superior court on June 21 and expressly waived his right to a speedy trial, and ending on September 11, when his last speedy trial waiver expired.[5] In this regard, Criminal Rule 45(d)(1) provides that there must be excluded from the 120 day speedy trial time frame

> [the] period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, *examinations and hearings on competency,* the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges . . . . (emphasis added)

In State v. Clouatre, 516 P.2d 1189 (Alaska 1973), we were called upon to decide whether the time from the filing of a motion to suppress until determination of the motion should be considered an excluded period under Criminal Rule 45(d)(1).[6] In *Clouatre,* we held that "the excluded periods must be deducted in computing the time for trial, regardless of whether the events giving rise to the period of postponement caused an actual delay of trial."[7] Also of relevance to the decision in the case at bar is the reminder expressed in *Clouatre*

> that the 120 day period set up by Rule 45 is only a basic datum. A considerably longer period could elapse before trial without resultant unfairness or injustice to the accused. Rule 45, with the excluded period set forth therein, merely sets the outer limits of delay. We believe that the rule will work fairly if it is applied according to its objective terminology.[8]

■ Applying *Clouatre* to the facts appearing in the record in the case at bar, we hold that the entire 111 day period from

---

3. The reason for the delay is unclear, but it apparently stemmed from the psychiatric clinic's tardiness in processing their reports.

4. The court did not obtain a specific waiver at this time believing that the last waiver had been made effective until the report was received. Snyder was present and did not object to the continuance.

5. Snyder contends that neither the waiver by his counsel on May 26, nor the continuance on September 11, was effective.

6. In *Clouatre,* the defendant contended that the plain meaning of Crim.R. 45(d)(1) is that only those pre-trial motions which cause a delay in trial should be considered excluded from the rule's four-month speedy trial requirement.

7. State v. Clouatre, 516 P.2d 1189, 1191 (Alaska 1973).

8. *Id.*

June 2 to September 20 is an excluded period for purposes of administering Criminal Rule 45(d)(1). This 111 day period commenced on June 2 when Snyder's counsel initially moved for a psychiatric examination in order to determine Snyder's competency to stand trial and continued until September 20, the date the superior court held a competency hearing and determined Snyder was competent.[9] Given this excluded 111 day period, the resultant delay between Snyder's arrest and trial is 115 days.[10] Thus, we conclude that Criminal Rule 45 was not violated, since Snyder's trial was held within the four-month requirement of the rule.[11]

Although our disposition of the excluded period issue in this appeal has made it unnecessary to reach any other issue raised by Snyder in this appeal, we consider it appropriate to mention Snyder's contention regarding waiver of his right to speedy trial. Snyder asserts that the waiver of May 26 was not legally effective since it was entered by counsel in his absence.[12] We think this contention is answered by our decision in *Clouatre* where we said that Criminal Rule 45 is only a "basic datum" and that a considerably longer period could elapse before trial without resultant unfairness or injustice to the accused. The outer limits of Alaska's constitutional right to speedy trial are not defined by Rule 45. In short, we are of the view that our decisions pertaining to waiver of fundamental constitutional rights are inapplicable, in the factual context of the instant case, to the Criminal Rule 45(d)(1) excluded period issue raised herein.

Affirmed.

---

9. AS 12.45.100(a) provides:

No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense may be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures.

AS 12.45.100(b) further provides in part:

When, after arrest and before the imposition of sentence or before the expiration of any period of probation, the attorney general, the district attorney, or the attorney for the accused has reasonable cause to believe that a person charged with an offense may be presently suffering mental disease or defect or is otherwise so mentally incompetent that he is unable to understand the proceedings against him or properly to assist in his own defense, he may file a motion for a judicial determination of the mental competency of the accused. Upon that motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall have the accused, whether or not previously admitted to bail, examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. . . .

10. The total elapsed time between Snyder's arrest and start of trial is 226 days.

11. *See also* our recent opinion in Cooksey v. State, 524 P.2d 1251 (Alaska 1974), where we reached a similar conclusion regarding an excluded period issue under Crim.R. 45 (d)(1).

12. *Cf.* Lee v. State, 509 P.2d 1088 (Alaska 1973); Lanier v. State, 486 P.2d 981 (Alaska 1971).