**STATE of Alaska, Petitioner,**

v.

**Emila Zola STRELEWICZ, Respondent.**

No. 2517.

Supreme Court of Alaska.

Aug. 4, 1975.

W. H. Hawley, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

Rodney B. Carmen, of Birch, Jermain, Horton & Bittner, Anchorage, for respondent.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and BURKE, JJ.

OPINION

CONNOR, Justice.

This petition for review presents a question concerning the interpretation of Crim-

inal Rule 45(d)(1),[1] the speedy trial provision. The case raises a point not decided directly in *State v. Clouatre,* 516 P.2d 1189 (Alaska 1973).[2]

Respondent was arrested and charged with embezzlement on October 31, 1974. On December 19, 1974, she moved to suppress her confession, a motion which the court granted on February 13, 1975. On March 11, 1975, the state moved for reconsideration of the order suppressing the confession. Several memoranda were filed by counsel for each party, the last memorandum being filed by the respondent on April 10, 1975. On April 21, 1975, the court denied the motion for reconsideration. At that time the trial date was set for April 29, 1975. On April 29 respondent moved for a dismissal for the reason that more than four months had elapsed since her arrest. The court ruled that the four months had expired April 28, 1975. In determining the excluded periods under Rule 45, the court counted the time for determination of motions filed by the respondent but did not count any of the time necessary for the determination of motions filed by the state. From an order granting the motion to dismiss the indictment the state now petitions for review.

■ We have granted review. The order of dismissal affects the substantial right of the state to prosecute an alleged criminal offender and it terminates the action. The order is of sufficient substance and importance to merit our review at this time.[3]

■ The only question before us is whether the time necessary to determine the state's motion for reconsideration should have been treated as an excluded period under Rule 45(d)(1), thus extending the time within which trial had to commence.

We view the state's motion for reconsideration as a continuation of the proceedings on the respondent's motion to suppress. Thus the time necessary to determine the motion for reconsideration should have been excluded in computing the time within which the trial had to commence.

We reverse and remand for reinstatement of the indictment and for further proceedings thereon.

1. Criminal Rule 45(d)(1) provides:
    "The following periods shall be excluded in computing the time for trial:
    (1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pre-trial motion shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period."

2. In *State v. Clouatre,* 516 P.2d 1189 (Alaska 1973), the defendant moved for a reconsideration of the denial of his motion to suppress. Shortly thereafter, the defendant moved to dismiss the indictment on the ground that Criminal Rule 45 had been violated. The trial court concluded that the delay in bringing the case to trial was not attributable to defendant's pre-trial motions and that there was no good cause to justify the delay. Accordingly, the motion to dismiss was granted. We held that the excluded periods, as defined in Rule 45(d), must be deducted in computing the time for trial, regardless of whether the event giving rise to the period of postponement caused an actual delay of trial. However, we did not specifically decide whether the excluded period included not only motions for reconsideration filed by defendants but also those filed by the state.

3. Appellate Rules 23(c) and 24(a)(1). See also *State v. Clouatre,* supra, at 1189.