Leland Keith O'DELL, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. 3191.

Supreme Court of Alaska.

Feb. 3, 1978.

Wayne Anthony Ross, Anchorage, for appellant.

Allen M. Bailey, Municipal Prosecutor, and Richard W. Garnett, III, Municipal Atty., Anchorage, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

In this appeal, O'Dell seeks reversal of his conviction for malicious destruction of property, contending that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt.[1] In addition, he claims that his right to a trial within 120 days under Rule 45, Alaska R. Crim.P., was violated.

The facts, viewed most favorably to the prosecution,[2] are as follows: On March 20, 1976, at approximately 6:00 p.m., Rick Kinsey was driving a reddish-brown Gremlin down 15th Avenue in Anchorage. Ahead of him a white Chevrolet pickup truck was swerving, straddling two lanes. After several attempts, Kinsey finally passed the truck and then stopped for a traffic light on "I" Street. The truck lightly bumped the rear of the Gremlin. Kinsey and his passenger, Edmund Mungaray, left the Gremlin and approached the truck. After a verbal affray, the truck driver, who appeared drunk, asked Kinsey if he wanted to have the Gremlin smashed into the middle of the intersection. When Kinsey challenged the dare, the truck driver backed up and then drove forward into the Gremlin. The truck driver quickly departed, but not before Kinsey noted the license plate number.

Kinsey drove Mungaray to work and then drove home to inform his mother, who owned the car, of the incident. Kinsey and his mother reported the accident to Officer Canady. He referred the license number to the hit and run department.

Officer Smith traced the license number to appellant O'Dell. O'Dell told Smith that he remembered sliding into a vehicle on 15th Avenue when his brakes locked. He fixed the date of the accident at March 20, although Smith noted that he might have been the first to mention the March 20 date when he informed O'Dell of the accident he was investigating. O'Dell stated further that there was no damage, so both drivers went on their ways. He then signed a written statement confirming his oral report to the officer.

Smith checked O'Dell's car and found scratches and marks on the front bumper, but he was unable to relate them to the particular accident. The truck's bumper was 23 inches from the ground. The damage to the Gremlin was also at 23 inches.

At trial, Mungaray positively identified O'Dell as the truck driver. Kinsey was not as certain. Carolee Kinsey, Rick's mother, testified that two months after the accident she called O'Dell. He acknowledged the incident and said he would pay for any damages.

O'Dell's defense was that he was at a "salmon feed" at the Party House, a local restaurant, between 3:30 and 7:00 p.m. on March 20. He offered the testimony of six persons to support his alibi. All six placed O'Dell at the restaurant that afternoon, stating that he left only once, for about five minutes between 6:00 and 6:30 p.m. to move his truck for another guest.

O'Dell testified that he made the statement to Smith, believing the officer was investigating another accident in which O'Dell had been involved one week earlier. He denied telling Mrs. Kinsey he would pay for the damage, but he acknowledged her call. O'Dell and his girlfriend, Molly Cuthbert, both testified that earlier on March 20, they had been harassed on the Seward Highway by two or three young people in a small reddish-brown sports car, but that there had been no accident. The defense

1. AO 8.30.010 states:
   "It is unlawful for a person to maliciously destroy or injure public property or private property not his own."

2. *Beck v. State*, 408 P.2d 996, 997 (Alaska 1965).

theory, admittedly unproven, was that Kinsey damaged the Gremlin and concocted the drunk driver story for Mrs. Kinsey's sake, remembering the license plate from his encounter with O'Dell on the Seward Highway.

The district court, sitting without a jury, found O'Dell guilty on October 1, 1976. He was sentenced to 30 days in jail with 25 days suspended and a fine of $200. The superior court affirmed.

The test for the sufficiency of the evidence necessary to support a finding that guilt was proven beyond a reasonable doubt is whether

"the finding of guilt is supported by substantial evidence, that is, such relevant evidence which is adequate to support a conclusion by a reasonable mind that there was no reasonable doubt as to appellant's guilt." [footnotes omitted]

Beck v. State, 408 P.2d 996, 997 (Alaska 1965); DeSacia v. State, 469 P.2d 369, 371 (Alaska 1970). Because O'Dell presented an alibi defense, the outcome of the case hinged upon the trier of fact's determination of the credibility of all the witnesses testifying at the trial. The trial judge, as the trier of fact here, heard all the evidence and had the opportunity to observe the demeanor of the witnesses. Therefore, the trial judge, not the reviewing court, assesses the credibility of the evidence presented. His determination will not be upset without a cogent showing that the evidence could not justify his finding. Noble v. State, 552 P.2d 142, 144 (Alaska 1976); Beck, supra, 998.

■ Mungaray, Smith, and Mrs. Kinsey offered sufficient relevant evidence which, if believed, could lead a reasonable mind to conclude that O'Dell was guilty beyond a reasonable doubt. The trial judge expressly believed their testimonies. He stated that four factors convinced him of O'Dell's guilt beyond a reasonable doubt: Mungaray's positive identification; the license number traced to O'Dell; O'Dell's admission to Smith; and the admission to Mrs. Kinsey on the telephone. Moreover, he specifically disbelieved that O'Dell could have been confused about which accident Smith was investigating.

The fact that six other witnesses and O'Dell's own testimony placed O'Dell elsewhere at the time of the accident does not negate the trial court's finding. Thompson v. State, 444 P.2d 171, 174 (Alaska 1968). The judge considered that evidence. He reasoned that since the afternoon at the Party House shared by all of O'Dell's witnesses was a casual event, with drinking, and not much regard for time, it was very plausible that the accident occurred as described by the prosecution witnesses sometime between 5:30 and 7:00 p.m.

After reviewing the record, we hold that there was substantial evidence to support a finding by the district court judge that O'Dell was guilty beyond a reasonable doubt.

We now turn to the Rule 45 question.[3]

---

**3.** Rule 45, Alaska Rules of Criminal Procedure, provides in pertinent part:

"(b) *Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within 120 days from the time set forth in section (c).

(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. . . .

(d) *Excluded Periods.* The following periods shall be excluded in computing the time for trial:

\* \* \* \* \* \*

(2) The period of delay resulting from an adjournment or continuance granted at the timely request or with the consent of the defendant and his counsel. The court shall grant such a continuance only if it is satisfied that the postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal offenses. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial under this rule and of the effect of his consent.

(3) The period of delay resulting from a continuance granted at the timely request of the prosecution, if:

(a) The continuance is granted because of the unavailability of evidence material to the

A criminal complaint was filed against O'Dell for this offense on April 26, 1976. He was served on May 5. Trial was set for August 10. On July 28, the prosecution requested a continuance until September 8 because Smith was on an extended vacation and would not return to the state until September 6. O'Dell, through his counsel, filed a notice of non-opposition to the prosecution's motion. A continuance was granted on August 10, and the trial was reset for September 8.

■ On September 8, O'Dell moved for a dismissal of the charges against him asserting two Rule 45 violations. First, he contends that the 120 day period in which he must be tried under Rule 45 began to run when Kinsey reported the accident to the police on March 20 or when suspicion focused on him. Rule 45(c)(1) explicitly states that the computation of time commences on the date the complaint was served, i. e., May 5. O'Dell had no right to Rule 45 protection until he was arrested, initially arraigned or served with the complaint filed against him. *Yarbor v. State*, 546 P.2d 564, 567 (Alaska 1976); *Nickels v. State*, 545 P.2d 163, 165 (Alaska 1976).[4]

■ The trial court found that O'Dell's non-opposition to the requested continuance was tantamount to consent, thereby waiving his Rule 45 rights for that period under

45(d)(2). O'Dell argues that since Rule 40 of the Alaska Rules of Criminal Procedure[5] requires him to file a non-opposition, such non-opposition cannot be construed as consent. Rule 40(d) provides that whenever a motion is filed, the opposing party must serve either a non-opposition or a memorandum in opposition. O'Dell could have opposed the prosecution's motion. He would then have had the benefit of a hearing to determine whether the prosecution's reason for the continuance was within the statutorily excluded periods urged by the prosecution, Rule 45(d)(3)(a) and 45(d)(7). O'Dell's non-opposition was tantamount to consent, and was relied upon by the prosecution as such. Therefore, the period between August 10, when the continuance was granted, and September 6, when Smith returned, was excluded from the 120 days computation as a stipulated continuance under Rule 45(d)(2). *See Peterkin v. State*, 543 P.2d 418 (Alaska 1975).

The continuance granted on August 10 specifically reset the trial date. Therefore, there is no open ended waiver problem as in *Cooksey v. State*, 524 P.2d 1251, 1260 (Alaska 1974). It also satisfies the command of *Peterkin* that

"[n]o criminal case should have the trial date canceled without a new date being set. In this way the parties and their

state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; or

\* \* \* \* \* \*

(7) Other periods of delay for good cause."

4. O'Dell's reliance on *United States v. Wahrer*, 319 F.Supp. 585 (D.Alaska 1970), is misplaced. *Wahrer* concerned an eight month unexplained pre-indictment delay which prejudiced the defendant's sixth amendment speedy trial right. This is separate and distinct from the statutory violation claimed here. *See United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Yarbor v. State*, 546 P.2d 564 (Alaska 1976).

5. Rule 40, Alaska Rules of Criminal Procedure, provides in pertinent part:

"Rule 40. *Time.*
(d) *For Motions–Affidavits.* A written motion, other than one which may be heard ex

parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing unless a different period is fixed by rule or order of the court. For cause shown, such an order may be made on ex parte application. Copies of all photographs, affidavits, other documentary evidence and a brief, complete written statement in support of the motion, shall be served with the motion. The opposing party shall serve either

(1) a written statement that he does not oppose the motion, or

(2) copies of all photographs, affidavits, and other documentary evidence upon which he intends to rely, together with a brief, complete written statement of reasons in opposition to the motion not less than 1 day before the hearing. A timely reply or supplemental memoranda will be considered, but hearing of a motion shall not be delayed pending the filing of such memoranda."

counsel will be aware of the trial date as set in open court, and compliance with Rule 45 can be assured." (footnote omitted) *Peterkin, supra,* at 424.

One hundred and twenty days began to run on May 6, the day following service of the complaint on O'Dell. *Nickels v. State,* 545 P.2d 163 (Alaska 1976). Excluding August 10 through September 6 only 97 days had passed when O'Dell's trial took place on September 8. We conclude that there was no violation of Rule 45 in this case.

AFFIRMED.