**STATE of Alaska, Appellant,**

v.

**Richard NITZ, Appellee.**

**Nos. 7725, 7823, 7830 and 7865.**

Court of Appeals of Alaska.

June 22, 1984.

---

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

Peter F. Mysing, Drathman & Weidner, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

In these consolidated appeals, the state contends that the superior court erred in dismissing three separate indictments against Richard Nitz. We conclude that it was error to dismiss Nitz's third, and most recent, indictment; we therefore reverse. Our disposition makes it unnecessary to consider whether dismissal of Nitz's earlier indictments was warranted.

## FACTS

On October 8, 1982, Richard Nitz was arrested for sexually molesting his step-daughter, T.K. Nitz was charged by indictment on October 12 with six counts of lewd and lascivious acts toward children (former AS 11.15.134), four counts of sexual assault in the first degree (former AS 11.41.410(a)(4)), and two counts of sexual abuse of a minor (former AS 11.41.-440(A)(2)). On December 23, 1982, Nitz moved to dismiss the indictment, contending that the prosecution failed to present exculpatory evidence to the grand jury. Superior Court Judge Seaborn J. Buckalew, Jr. granted Nitz's motion on January 18, 1983. Two days later, Nitz was reindicted. Nitz moved to dismiss his second indictment on February 23, 1983; he argued that the state had improperly presented hearsay evidence to the grand jury. Superior Court Judge Ralph E. Moody granted Nitz's motion and dismissed the second indictment on March 14, 1983.

Upon dismissal of the second indictment, the state initially elected to seek appellate review. After obtaining a thirty-day stay of proceedings from the superior court, the state filed a notice of appeal to this court on April 13, 1983. Later, however, the state apparently reconsidered its initial decision to appeal, and, on May 19, 1983, slightly more than a month after the state's notice of appeal from the order dismissing the second indictment, Nitz was indicted for a third time.

Nitz then moved to dismiss his third indictment, alleging a violation of the 120-day speedy trial provision of Criminal Rule 45. Judge Moody concluded that Criminal Rule 45 had been violated, and he dismissed Nitz's third indictment on May 31, 1983. On appeal from the third order of dismissal, the state contends that Judge Moody erred in finding a violation of Rule 45.[1]

## DISCUSSION

Criminal Rule 45 provides, in relevant part:

(b) *Speedy Trial Time Limits.* A defendant charged with a felony, a misdemeanor, or a violation shall be tried within 120 days from the time set forth in paragraph (c) of this rule.

(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge ... is served upon the defendant, whichever is first.... The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time of the original commencement date of the 120 day period.

In the present case, it is uncontested that Nitz's third indictment charged him with the same conduct for which he was originally arrested on October 8, 1982. It is further uncontested that a total of 235 days elapsed from the time of Nitz's arrest to the dismissal of his third indictment. Under the provisions of Rule 45(d), however, certain periods of time are excluded from computation of the 120-day speedy trial period. Criminal Rule 45(d) provides, in relevant part:

(d) *Excluded Periods.* The following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and

---

1. The state apparently relied on our decision in *State v. Kott*, 636 P.2d 622 (Alaska App.1981), in deciding to appeal from the superior court's dismissal order instead of filing a petition for review. Our decision in *Kott* was recently overruled by the Alaska Supreme Court. *Kott v.* *State*, 678 P.2d 386 (Alaska 1984). Treating the state's appeal of the Rule 45 dismissal as a petition, we have decided that the petition should be granted. *See, e.g., State v. Strelewicz*, 538 P.2d 1009 (Alaska 1975); *State v. Clouatre*, 516 P.2d 1189 (Alaska 1973).

hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pre-trial motion shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period.

(2) The period of delay resulting from adjournment or continuance granted at the timely request or with the consent of the defendant and his counsel. . . .

We must thus consider what portions of the 235-day period in Nitz's case are excluded under Criminal Rule 45(d).

The first question presented under Rule 45(d) concerns the effect of two speedy trial waivers made by Nitz before his third indictment. Nitz was arrested on October 8, 1982, and he was first indicted on October 12. His trial was originally set for January 10, 1983. On October 20, 1983, Nitz moved for postponement of his trial date and he expressly agreed to exclude the time between January 10 and February 14, the new trial date, from the 120-day speedy trial period. Nitz's motion for continuance was granted. On December 23, 1982, Nitz moved to dismiss the first indictment. That motion was granted on January 18, 1983, and Nitz was reindicted two days later, on January 20. Following reindictment, Nitz's trial remained set for February 14, 1983. However, Nitz moved for a further continuance of the trial date until April 4, 1983. He again expressly agreed to waive the period between the old trial date and new trial date from the 120-day rule. Nitz's second motion for continuance was granted, and his trial was reset for April 4. On February 23, 1983, Nitz moved to dismiss the second indictment. His motion was granted on March 14, 1983.

On appeal, Nitz contends that the two speedy trial waivers that he made before being charged with the third indictment should be applied only to the indictments that were pending against him when the waivers were made. He thus maintains that the periods covered by the waivers cannot be excluded for purposes of computing the time for trial on his third indictment. Specifically, Nitz argues that his "waiver of Rule 45 can only be effective as to the charge in existence at the time of the making of the waiver since [Nitz] cannot be considered as having given informed consent to an indictment not in existence at the time of the waiver."

We believe Nitz's argument is foreclosed by the supreme court's recent holding in *State v. Williams*, 681 P.2d 313 (Alaska 1984). Williams was originally charged with murder and was acquitted after a jury trial. He was then charged with two counts of hindering prosecution in the first degree and one count of tampering with physical evidence. The charge in issue, tampering with physical evidence was based on conduct that the state had relied upon, in part, in originally charging Williams with murder. The superior court dismissed the charge of tampering with physical evidence on double jeopardy grounds. On appeal, this court found it unnecessary to reach the issue of double jeopardy. We concluded that dismissal of the tampering charge was required by Criminal Rule 45. *State v. Williams*, 653 P.2d 1067, 1071 (Alaska App.1982). Specifically, we held that periods of time excluded under Rule 45(d) for purposes of Williams's murder charge could not be excluded in computing time for trial under Rule 45 for the subsequent tampering charge:

A defendant can waive his right to a speedy trial under Criminal Rule 45, but a waiver should generally be only with the defendant's informed consent. *See* Criminal Rule 45(d)(2). We do not have to decide in this appeal whether the prosecution could have used Williams' waiver of speedy trial to charge him with tampering with evidence before his trial on the murder charge. However, it seems clear that in executing his waivers of his right to speedy trial Williams certainly did not intend to allow the state to try him on the murder charge and then, based upon the same evidence presented at the murder trial, later try him on a theory of tampering with evidence based upon the same conduct. We find that

Williams' waivers of speedy trial were ineffective as to a second trial based upon the tampering with evidence charge where the tampering with evidence charges were filed after his murder trial. *Id.* Nitz relies heavily upon our holding in *Williams* to support his claim that his speedy trial waivers with respect to the first and second indictments should not be excluded in computing the time for trial on his third indictment.

■ However, our decision on this issue in *Williams* was reversed by the supreme court, which held:

An event which suspends the 120-day period for one charge suspends it for all charges arising out of the same conduct, whether or not they have been filed when the event takes place. Any other interpretation would require courts to supervise a complicated system of consents and waivers and force prosecutors to file "pyramid charges."

*State v. Williams*, 681 P.2d at 321. We believe that the supreme court's holding in *Williams* requires a reindictment following dismissal of an indictment to be treated as a continuation of the original prosecution for purposes of the speedy trial rule. *See* Alaska R.Crim.P. 45(c)(1). Thus, when a defendant is reindicted after dismissal of the original indictment, periods of time excluded under the original indictment must also be deemed excluded under the superceding indictment.

■ In the present case, Nitz's motions to continue his trial resulted in exclusion under Criminal Rule 45(d)(2) of all time between January 10, 1983 and April 4, 1983; dismissal of the first and second indictments does not affect the exclusion of this period in computing the time for trial under Nitz's third indictment.

The second issue presented in this case under Criminal Rule 45(d) concerns the effect of the state's appeal from the superior court's order dismissing Nitz's second indictment. Criminal Rule 45(d)(1) provides for exclusion of any period of delay "resulting from other proceedings concerning the defendant, including but not limited to ... interlocutory appeals ...."

In the present case, the superior court's order dismissing Nitz's second indictment was entered on March 14, 1983. The state filed a notice of appeal on April 13, 1983.[2] Some time after filing the notice of appeal, however, the state apparently decided to resume prosecution in the superior court. On May 19, 1983, thirty-six days after the state appealed the dismissal of the second indictment, Nitz was indicted for a third time. Nitz argues that, because the state elected to reindict prior to completion of the appellate process, the period of time between the filing of the state's notice of appeal and the return of the third indictment should not be excluded in computing the time for trial under the third indictment.

■ We believe Nitz's argument must be rejected. Nothing in Criminal Rule 45(d)(1) requires the state to pursue an appeal to completion before time will be excluded for delay resulting from an interlocutory appeal. To construe Rule 45(d)(1) in the manner proposed by Nitz would only encourage the state to pursue interlocutory appeals to completion, even if they were determined to lack merit after being filed.[3] In *State v. Clouatre*, 516 P.2d 1189 (Alaska 1973), the supreme court held that, under Rule 45(d)(1), the period during which de-

---

2. After the dismissal of Nitz's second indictment, the state obtained a superior court order staying all proceedings for a period of thirty days in order to permit the state to file an appeal. While the thirty-day period covered by the stay is arguably excludable under Rule 45(d)(1), Nitz has taken the position that exclusion is unwarranted because the state failed to comply with the conditions of the stay. Nitz's argument raises factual issues that were apparently not resolved by the superior court in ruling on Nitz's motion to dismiss the third indictment. Since exclusion of the thirty-day period covered by the stay would not alter the outcome of this appeal, we need not determine the issue.

3. We note that nothing in the record suggests that the state filed its notice of appeal for the purpose of delaying the period of time within which it could reindict Nitz following dismissal of the second indictment.

fendant's pretrial motions were pending must be excluded from calculation of the 120-day period even though the delay of the trial date did not result from the motions. We believe the situation in this case is analogous. Despite the state's election to proceed with the third indictment after initially deciding to appeal the dismissal of the second indictment, the exclusion for interlocutory appeals in Rule 45(d)(1) applies to the period of time between the filing of the appeal and the date of Nitz's reindictment.[4] Accordingly, we conclude that this thirty-six day period should not be included in computing the time for trial on Nitz's third indictment. *See also Vail v. State,* 599 P.2d 1371, 1379–80 (Alaska 1979) (thirty-day exclusion limitation of Rule 45(d)(1) was not intended to apply to petitions for review).

 There are two additional time periods that must be excluded from the 120-day computation in this case. From December 23, 1982, through January 10, 1983,—a period of eighteen days—Nitz's motion to dismiss his first indictment was pending.[5] From May 23 through May 31, 1983—a period of eight days—Nitz's motion to dismiss his third indictment was pending. These two periods are excluded under Rule 45(d)(1). Adding these periods of delay to the periods excluded as a result of Nitz's speedy trial waivers and the state's appeal from the dismissal of the second indictment yields a total of 146 days

of excluded delay. When this period is subtracted from the 235 days that elapsed from Nitz's arrest through dismissal of his third indictment, only eighty-nine days of unexcluded delay remains.[6]

Since we conclude that the 120-day speedy trial period provided for in Rule 45(b) was not violated in this case, the superior court's order of dismissal must be REVERSED.

4. The state ultimately chose to pursue its appeal from the dismissal of Nitz's second indictment after Nitz's third indictment was dismissed, and the appeal was never withdrawn. While the state's appeal has therefore technically remained pending at all times since it was filed, we conclude that exclusion of time under Rule 45(d)(1) must be deemed to have ended when the state resumed proceedings in the superior court by presenting the third indictment to the grand jury, since, ordinarily, return of the third indictment would have rendered the pending appeal moot.

5. Nitz's motion to dismiss the first indictment was actually granted on January 18. However, the period between January 10 and January 18 has already been counted as part of the excluded time resulting from Nitz's first motion to continue his trial.

6. Our computation of excluded periods and time remaining for trial is as follows:

| | |
|---|---|
| Total Time Elapsed, October 8, 1982, through May 31, 1983 | 235 days |

Excluded Periods:

| | |
|---|---|
| 1. December 23, 1982-January 10, 1983 (motion to dismiss pending) | 18 days |
| 2. January 10-February 14, 1983 (first motion to continue trial) | 35 days |
| 3. February 14-April 4, 1983 (second motion to continue trial) | 49 days |
| 4. April 13-May 19, 1983 (state's appeal pending) | 36 days |
| 5. May 23-May 31, 1983 (motion to dismiss pending) | 8 days |
| Total Time Excluded | – 146 days |
| Total Unexcluded Time Elapsed through May 31, 1983 | 89 days |