**STATE of Alaska, Petitioner,**

v.

**Danny J. JESKE, Respondent.**

**No. A–3758.**

Court of Appeals of Alaska.

Dec. 20, 1991.

Eric A. Johnson, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Attorney General, Juneau, for petitioner.

James W. McGowan, Sitka, for respondent.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

OPINION

MANNHEIMER, Judge.

The State of Alaska charged Danny J. Jeske with third-degree assault and second-degree weapons misconduct, AS 11.41.-220(a)(1) and AS 11.61.210(a)(1). The superior court dismissed these charges because it ruled that Jeske had not been brought to trial within the time limits of Alaska Criminal Rule 45. We granted the State's petition for review of this dismissal, and we now reverse the superior court and reinstate the charges against Jeske.

Jeske was arrested on June 30, 1990. Shortly after his arrest, he retained an attorney to represent him. Jeske's case was originally scheduled for trial on October 9, 1990.

On September 19, three weeks before the scheduled trial, Jeske's attorney was interviewed by the Sitka police regarding the attorney's potential violation of AS 11.46.-620(a), misapplication of property. The attorney confessed to the police, and he was charged with this crime. Later that day, the attorney was hospitalized for stress. Jeske's attorney stayed in the hospital for four days; released on September 23, he remained under a doctor's care and contin-

---

ued to take both anti-depressant drugs and tranquilizers under prescription.

Because Jeske's attorney believed himself temporarily incapable of pursuing his legal practice, he and the Discipline Counsel for the Alaska Bar Association agreed on September 28 that a trustee attorney would be appointed to oversee his practice. See Alaska Bar Rules 30 and 31, allowing the appointment of trustee counsel when an attorney is "unable to continue the practice of law by reason of mental or physical infirmity or illness". Bar Rule 30(b).

Because the turmoil in his life had given him little time to prepare for Jeske's trial, and because of his continuing stress and depression, Jeske's attorney concluded that he would be unable to adequately represent Jeske at a trial which, by then, was only two weeks away. He therefore obtained the State's stipulation to continue the trial until November 6, with the time to run against the defense for purposes of the Rule 45 calculation. This stipulation was filed on October 1, and on October 2 the court adopted the stipulation and granted the requested continuance.

Jeske did not know that his attorney had sought a continuance. He found out about the continuance a day or two later, during a telephone conversation with his attorney. Jeske's attorney did not offer an explanation of why the trial had been delayed, and Jeske, although he was displeased with the delay, apparently did not press his attorney for an explanation.

A few days after this conversation, Jeske saw an announcement in the newspaper that his attorney was closing his law practice. See Alaska Bar Rule 30(e). Jeske, now aware of his attorney's personal difficulties, decided that he did not want the attorney to handle his case any more. Jeske therefore hired a new attorney, James McGowan.

McGowan prepared a pleading that combined the first attorney's motion for withdrawal with Jeske's consent to substitute McGowan as his attorney. Jeske's first attorney signed his portion of the document (the motion to withdraw) on October 11, 1990. However, McGowan did not file the completed document or his accompanying entry of appearance until November 1. That same day, McGowan filed a motion to dismiss the charges against Jeske on the ground that Jeske had not been brought to trial within the time limits of Criminal Rule 45.

In this motion, Jeske did not mention the stipulated continuance; he simply asserted that he had been arrested on June 30 and that his trial was currently scheduled for November 6, the 129th day following his arrest. The State responded that Jeske's former attorney had stipulated to a 28–day continuance of trial, and thus the Rule 45 time limit had not yet expired. In his reply, Jeske for the first time asserted that the stipulated continuance was not valid because it had been entered without his consent.

Superior Court Judge Larry C. Zervos, after listening to the testimony of both Jeske's first attorney and Jeske himself, found that Jeske had not been told of his attorney's intention to seek a continuance of trial. Based upon this finding, Judge Zervos ruled that Rule 45 had continued to run during the stipulated continuance. Judge Zervos based his decision on the wording of Rule 45(d)(2):

(d) *Excluded Periods.* The following periods shall be excluded in computing the time for trial:

. . . . .

(2) The period of delay resulting from an adjournment or continuance granted at the timely request or with the consent of the defendant and his counsel.

Judge Zervos concluded that, because Jeske had not been consulted or given a chance to object before his attorney stipulated to the continuance of the trial, and because Rule 45(d)(2) requires the consent of both the defendant and the defendant's attorney, the Rule 45 clock continued to run unabated in spite of the stipulated continuance of trial. Thus, Judge Zervos ruled, the Rule 45 time limit had expired.

Judge Zervos also considered and rejected application of Rule 45(d)(7), which allows tolling of Rule 45 during "other periods of

delay for good cause". The judge found that Jeske's first attorney had not been able to proceed with trial because of his illness. However, Judge Zervos viewed the pre-trial illness of an attorney as an "entirely foreseeable" circumstance, not a "unique [or] exceptional" situation. He therefore declined to apply Rule 45(d)(7).

We reverse the superior court's decision because we disagree with Judge Zervos concerning what is to be done when, after a continuance has been granted, it turns out that the defendant did not consent to it.[1]

Although the cases discussing Rule 45(d) often refer to "waivers" of Rule 45, the term "waiver" is not being used in the restricted sense of an affirmative, personal, voluntary relinquishment of a known right. In *Snyder v. State*, 524 P.2d 661 (Alaska 1974), the defendant's attorney appeared in court without him and asked for a 30–day continuance to allow the defendant to be examined by a psychiatrist to determine his competency to stand trial. On appeal, the defendant contended that his attorney had no authority to waive Rule 45 in his absence. *Id.* at 662–63. The Alaska Supreme Court replied that a defendant's rights under Rule 45 were not constitutional or fundamental rights, and that a "waiver" of these rights could be accomplished by the actions of the defendant's attorney, without the defendant's personal participation:

> We think this contention is answered by our decision in [*State v.*] *Clouatre* [516 P.2d 1189 (Alaska 1973)] where we said that Criminal Rule 45 is only a "basic datum" and that a considerably longer period could elapse before trial without resultant unfairness or injustice to the accused. The outer limits of Alaska's constitutional right to a speedy trial are not defined by Rule 45. In short, we are of the view that our decisions pertaining to waiver of fundamental constitutional rights are inapplicable, in the factual context of the instant case, to the Criminal Rule 45(d)(1) excluded period issue raised herein.

*Snyder*, 524 P.2d at 664. Thus, the trial court normally does not need to secure a personal waiver from the defendant when the defense attorney takes action or acquiesces in action that, under Rule 45(d), stops the running of Rule 45.

While the wording of Rule 45(d)(2) apparently requires a criminal defendant's concurrence in any delay or continuance requested by the defense attorney, this court and the Alaska Supreme Court have repeatedly stated that the trial court can rely on a defense attorney's request for a continuance and need not seek a separate, personal consent from the defendant unless the defendant affirmatively objects to the defense attorney's action. *Henson v. State*, 576 P.2d 1352, 1356 n. 9 (Alaska 1978); *Yearty v. State*, 805 P.2d 987, 991 (Alaska App.1991); *Machado v. State*, 797 P.2d 677, 684–85 (Alaska App.1990). This is true even when the defendant is not present in court to witness the defense attorney's request for a continuance, *Snyder*, 524 P.2d at 663–64, or when defense acquiescence in a continuance is manifested by the attorney's filing a statement of non-opposition, *O'Dell v. Anchorage*, 573 P.2d 1381, 1384 (Alaska 1978).

Under the cases cited in the previous paragraph, the superior court was entitled to rely upon Jeske's attorney's stipulation to the continuance. But after the trial court had rescheduled Jeske's trial in reliance on this stipulation, Jeske came to court and proved that his attorney had not consulted him before seeking the continuance—thus rebutting the presumption that Jeske had consented to his attorney's action. The issue presented by Jeske's case

---

1. Alaska Criminal Rule 45 was taken from the ABA Standards for Criminal Justice, what is now Standard 12–2.3 (Approved Draft 1978). Subsection (c) of Standard 12–2.3 declares: "The period of delay resulting from a continuance granted at the request or with the consent of the defendant *or* his counsel" should be excluded in computing the time for trial. (emphasis added)

The State argues that the Alaska Supreme Court, when promulgating Rule 45(d)(2), inadvertently changed the "or" of the ABA standard to an "and". *Compare Peterson v. State*, 562 P.2d 1350, 1356–58 (Alaska 1977). We find it unnecessary to decide this issue. We assume, for purposes of deciding this case, that Rule 45(d)(2) requires the defendant's consent to any continuance requested by defense counsel.

is this: When a defendant proves that he did not consent to a continuance requested by his attorney, does Rule 45 nevertheless remain tolled until the day the court makes its finding that the defendant did not consent to the continuance? Or does the defendant's proof of non-consent require the trial court to invalidate the previously granted continuance and calculate Rule 45 as if the continuance had never been requested?

Judge Zervos decided that, under these circumstances, Rule 45(d)(2) required him to treat the continuance as invalid from its inception and to calculate the running of Rule 45 as if it had never been interrupted. We disagree.

When defense counsel has requested or consented to a continuance, a judge setting the date for the defendant's trial is entitled to rely upon the fact that the rule is tolled during that continuance, at least until the judge is affirmatively apprised of the defendant's objection to the continuance. Once it is clear that the defendant has not consented and will not consent to the continuance, Rule 45(d)(2) directs the trial judge to restart the Rule 45 clock. But the time already elapsed must remain excluded from the calculation of the time for trial.

The Supreme Court reached this same result under analogous circumstances in *Coffey v. State*, 585 P.2d 514 (Alaska 1978). Coffey was charged with selling marijuana in Homer. At that time, Kenai was the normal trial venue of an offense alleged to have been committed in Homer. However, when Coffey was arraigned, the superior court set the case for trial in Anchorage. At the arraignment, the defense asked for a nine-week continuance of the omnibus hearing; Coffey, both personally and through his attorney, waived Rule 45 for these nine weeks. *Coffey* at 517.

Three weeks after Coffey's arraignment, the superior court re-examined the file and discovered that, because Coffey's offense was alleged to have been committed in Homer, venue should have been set in Kenai; venue was changed. Later, at the omnibus hearing, Coffey asserted that he never would have waived Rule 45 if he had

known that the case would be tried in Kenai. He also argued that, since venue had always properly been in Kenai, the proceedings in Anchorage (and, particularly, his waiver of Rule 45) were nullities. Coffey therefore moved for dismissal of the case under Rule 45. *Id.* at 518.

The trial court ruled that Coffey could withdraw his waiver and, if he did so, the time for trial under Rule 45 would start to run again the next day. However, Rule 45 would remain tolled during the time between Coffey's waiver and the day he withdrew it. *Id.*

On appeal, the Supreme Court upheld the trial court's decision:

Coffey argues that his waiver of Criminal Rule 45 was conditional on the continuance of venue in Anchorage and that, once venue was set in Kenai, the waiver was automatically revoked, thereby charging the time against the state.

The record does not show that Coffey waived Criminal Rule 45 on the condition that venue would "remain" in Anchorage.... The condition, if it existed at the time of waiver, was subjective, inasmuch as it was not brought to the attention of the court.

Coffey's argument is unpersuasive. Once venue was set in Kenai by the order of June 25, 1975, Coffey could have moved to rescind his waiver. His argument that affirmative steps to protect the right to a speedy trial are not required is inapplicable to postwaiver situations, where affirmative steps to withdraw a waiver may reasonably be required.

*Coffey*, 585 P.2d at 520–21.

Until Jeske secured a new attorney and filed his motion to dismiss, Jeske's lack of consent to the stipulated continuance of his trial—like the repented waiver in *Coffey*—remained "subjective", in the sense that "it was not brought to the attention of the court." The trial judge in Jeske's case, like the trial judge in *Coffey*, was entitled to treat Rule 45 as tolled until an event or circumstance altering that status was affirmatively brought to the judge's attention. A contrary rule would leave Rule 45

calculations unsettled and tentative until the day of trial.

There is another problem with Jeske's interpretation of the rule. Under Jeske's view, a defendant who learned that defense counsel had requested a continuance without the defendant's explicit consent could wait until the time for trial (calculated without reference to the disputed continuance) had expired, then file a motion to set aside the continuance—a motion which, if successful, would result in dismissal of all charges. Such an interpretation of Rule 45(d)(2) would give rise to an unacceptable potential for manipulation of the rule in a manner that thwarts the ends of justice.

We therefore hold that Judge Zervos erred when he calculated the Rule 45 time limit as if the stipulation for a continuance had never been filed. When a defendant asserts that he or she never consented to a continuance obtained or stipulated to by defense counsel, Rule 45 remains tolled until the judge makes an affirmative finding that the defendant did not consent to the previously ordered continuance.[2]

The decision of the superior court is REVERSED. This case is REMANDED for renewed proceedings on the indictment.

---

**2.** In such circumstances, Rule 45 remains tolled through the day of the trial court's ruling; the time for trial would normally begin to run the next day. *Stobaugh v. State,* 614 P.2d 767, 770 n. 3 (Alaska 1980).