STATE of Alaska, Petitioner,

v.

Lincoln D. ROBERTS, Respondent.

No. A–7159.

Court of Appeals of Alaska.

March 10, 2000.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, Public Defender Agency as amicus curiae.

Before COATS, Chief Judge, MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Judge.

This case requires us to interpret a statute, AS 12.30.027, which governs the authority of the court to set conditions of bail release for a person charged with or convicted of a crime of domestic violence. We conclude the statute forbids the court to permit a person released on a charge or conviction of a crime involving domestic violence to return to the residence of his alleged victim.

A jury convicted Lincoln Roberts of assault in the third degree, a class C felony, for assaulting M.J. in Venetie, Alaska.[1] Judge Beistline sentenced Roberts to a three-year presumptive sentence. Roberts appealed his sentence and asked for bail release during the pendency of his appeal. Judge Beistline conducted a bail hearing and released Roberts to the custody of a third-party custodian, the Village Chief of Venetie.

A few weeks following his initial release, Roberts requested a modification of his release conditions so that he could reside in the same residence with M.J., the victim of his assault. Before his arrest for the assault, Roberts and M.J. had been living together in a domestic relationship. They had a two-year-old daughter together. The state opposed the release modification, contending that AS 12.30.027 prohibited the court from allowing Roberts to reside with M.J. That statute provides that "[when] ordering release ... of a person charged with or convicted of a crime involving domestic violence [the court] may not order or permit [the person so released] to return to the residence of the alleged victim or the residence of a petitioner who has a protective order directed to the person...."[2] Roberts argued that the statute only restricted the court from permitting the release of a defendant to the residence of a victim who had obtained a protective order. Judge Beistline agreed with Roberts' interpretation. Judge Beistline modified Roberts' conditions of release

---

1. AS 11.41.220(a)(1)(B).

2. The full text of the statutes in question read as follows:

   AS 12.30.027(a) reads as follows:
   Before ordering release before or after trial, or pending appeal, of a person charged with or convicted of a crime involving domestic violence, the court shall consider the safety of the alleged victim or other household member. To protect the alleged victim, household member, and the public, and to reasonably assure the person's appearance, the court may impose bail and any of the conditions authorized under AS 12.30.020, any of the provisions of AS 18.66.100(c)(1)—(7) and (11), and any other condition necessary to protect the alleged victim, household member, and the public, and to ensure the appearance of the person in court, including ordering the person to refrain from the consumption of alcohol.
   AS 12.30.027(b) reads as follows:
   A court may not order or permit a person released under (a) of this section to return to the residence of the alleged victim or the residence of a petitioner who has a protective order directed to the person and issued or filed under AS 18.66.100—18.66.180.

to allow Roberts to reside with M.J. based upon M.J.'s testimony that she wanted the judge to modify the release conditions so that Roberts could reside with her, and the assurances of the Village Chief that he would supervise Roberts and would report any violations of the conditions of release to the authorities. The state filed a petition for review in this court, arguing that Judge Beistline's order violated AS 12.30.027(b). We granted review. Following our granting of the petition for review, Roberts moved to dismiss the petition on the ground that it was moot because Roberts had violated his conditions of release and was in custody. Roberts also stated that since the case was moot, he would not be filing a brief. The state opposed dismissal, arguing that the case fell within the public interest exception to the mootness doctrine—that the issue was an important one which might otherwise evade review. We invited the Public Defender Agency to file an amicus brief.

*The issue in this case is an appropriate one to resolve under the public interest exception to the mootness doctrine.*

■ Generally courts will not resolve an issue when it is moot—that is, when the decision of an issue will not resolve an ongoing case or controversy.[3] The state concedes that the case before us is moot because Roberts is no longer on bail release under the disputed order. But the state argues that we should apply the public interest exception to the mootness doctrine. The public interest exception to the mootness doctrine provides that courts can resolve a dispute, even though it has become moot, when the issue is one of public interest which is capable of repetition and may repeatedly circumvent review:

> The public interest exception requires the consideration of three main factors: (1) whether the disputed issues are capable of repetition, (2) whether the mootness doc-

trine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine. None of these factors is dispositive; each is an aspect of the question of whether the public interest dictates that a court review a moot issue. Ultimately the determination of whether to review a moot question is left to the discretion of the court.[4]

The state argues that in enacting AS 12.30.027, the legislature intended to protect domestic violence victims. The state argues that bail release of those charged or convicted of domestic violence is a frequently occurring issue which tends to evade review because defendants, as in the current case, violate a condition of release or have their case resolved before this court has the opportunity to rule on the issue. Although the amicus, the Public Defender Agency, has argued against the state's interpretation of AS 12.30.027(b), the amicus has not challenged the application of the public interest exception to the mootness doctrine in this case. We conclude that interpretation of AS 12.30.027(b) is an important issue which we should address at this time.

*Alaska Statute 12.30.027(b) forbids the court from permitting a person released on a charge or convicted of a crime of domestic violence from returning to the residence of the alleged victim.*

■ When we interpret a statute we are to determine the intent of the legislature in enacting the statute.[5] We are to review the statute *de novo*, without deference to the trial court.[6]

Alaska Statute 12.30.027(a) governs the release before and after trial of a person who has been convicted of a crime involving domestic violence. It provides that, before ordering the release on bail of a person charged with or convicted of a crime involv-

---

**3.** See *Municipality of Anchorage v. Baxley*, 946 P.2d 894, 899 (Alaska App.1997).

**4.** *Krohn v. State Dept. of Fish and Game*, 938 P.2d 1019, 1021 (Alaska 1997) (*quoting Kodiak Seafood Processors Ass'n v. State*, 900 P.2d 1191, 1196 (Alaska 1995)).

**5.** *State v. McCallion*, 875 P.2d 93, 98–99 (Alaska App.1994); *Progressive Ins. Co. v. Simmons*, 953 P.2d 510, 516 (Alaska 1998).

**6.** *McCallion*, 875 P.2d at 98.

ing domestic violence, the court shall consider the safety of the alleged victim:

> Before ordering release before or after trial, or pending appeal, of a person charged with or convicted of a crime involving domestic violence, the court shall consider the safety of the alleged victim or other household member.

It is undisputed that Roberts' conviction for assault in the third degree, a violation of AS 11.41.220, was a "crime involving domestic violence" covered by AS 12.30.027. A "crime involving domestic violence" includes a crime under AS 11.41 "by a household member against another household member."[7] A "household member" includes "adults or minors who live together or who have lived together"[8] and "persons who have a child of the relationship."[9] It is undisputed that Roberts and M.J. lived together in the same household and had a child.

Alaska Statute 12.30.027(b) limits the court's authority to release on bail a person charged with or convicted of a crime involving domestic violence. The statute reads as follows:

> A court may not order or permit a person released under (a) of this section to return to the residence of the alleged victim or the residence of a petitioner who has a protective order directed to the person and issued or filed under AS 18.66.100—18.66.180.

In the trial court, Roberts argued that the statute did not apply to him. He argued that AS 12.30.027(b) only restricted the court from releasing a defendant to "the residence of a petitioner who had obtained a protective order against the defendant." Judge Beistline agreed with Roberts' interpretation of the statute. The amicus urges us to accept this interpretation. But if the legislature wanted only to restrict the court from releasing a defendant to the residence of a petitioner who had obtained a protective order, the legislature could have accomplished the same purpose by completely leaving out the phrase which we have put in brackets:

> A court may not order or permit a person released under (a) of this section to return to the residence [of the alleged victim or the residence] of a petitioner who has a protective order directed to the person and issued or filed under AS 18.66.100—18.66.180.

The Alaska Supreme Court has recognized the rule of statutory interpretation that a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."[10] We see no reason why the legislature would have added the phrase "to the residence of the alleged victim" to the statute if it merely wanted to restrict the court from releasing a defendant to the residence of a petitioner who had obtained a protective order. It would be unreasonable for us to conclude that the legislature added the language "to the residence of the alleged victim" to the statute for no purpose. It appears that the legislature intended to restrict courts from releasing defendants charged with or convicted of a crime of domestic violence to the residence of the alleged victim. It appears that the legislature concluded that permitting such a release

---

7. AS 18.66.990(3) provides:

> (3) "domestic violence" and "crime involving domestic violence" mean one or more of the following offenses or a law or ordinance of another jurisdiction having elements similar to these offenses, or an attempt to commit the offense, by a household member against another household member:
> (A) a crime against the person under AS 11.41;
> (B) burglary under AS 11.46.300—11.46.310;
> (C) criminal trespass under AS 11.46.320—11.46.330;
> (D) arson or criminally negligent burning under AS 11.46.400—11.46.430;

> (E) criminal mischief under AS 11.46.480—11.46.486;
> (F) terroristic threatening under AS 11.56.810;
> (G) violating a domestic violence order under AS 11.56.740; or
> (H) harassment under AS 11.61.120(a)(2)—(4).

8. AS 18.66.990(5)(B).

9. AS 18.66.990(5)(G).

10. *Peninsula Marketing Ass'n v. Rosier*, 890 P.2d 567, 573 (Alaska 1995) (*quoting* 2A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 46.06 (5th ed.1992)).

might result in further domestic violence. The legislature therefore restricted courts from permitting such a release.

*The constitutionality of the statute is not ripe for review.*

■ Roberts argues that if courts are completely restricted from releasing defendants charged with or convicted of crimes involving domestic violence to the residence of an alleged victim, the statute will result in unconstitutional applications. He points out that the definition of "crimes involving domestic violence" is broad and includes misdemeanors. He also argues that the statutory restriction on release could be for a lengthy period of time—because appeals frequently take over a year to decide, and may take significantly longer than that. He points out that defendants could be restricted from living with their spouse and children for a significant period of time for a relatively minor offense where there was little or no danger from such a release. Defendants might be required to give up their right to appeal in order to live with their families.

■ But none of these issues are raised by Roberts' case. Roberts' interpretation of the statute was adopted by the trial court and Roberts was released. Roberts never argued below that the statute was unconstitutional as applied to him, or that it had unconstitutional applications. We accordingly conclude that this case is not a proper vehicle for us to determine whether, in some instances, application of AS 12.30.027(b) might be unconstitutional.[11] Generally, courts do not resolve hypothetical issues.[12] We accordingly conclude that we should limit our decision to interpreting the statute. In the event that application of the statute arguably conflicts with the United States or Alaska Constitutions, we believe that these issues should be resolved where there is an actual case or controversy.

---

11. *See State v. Patterson*, 740 P.2d 944, 949 n. 18 (Alaska 1987); *Perry v. State*, 429 P.2d 249, 251–52 (Alaska 1967).

12. *See Sonneman v. State*, 969 P.2d 632, 636 (Alaska 1998) (*quoting Trustees for Alaska v. State*, 736 P.2d 324, 327 (Alaska 1987)).