**Michael W. SPROATES, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. A–8495.

Court of Appeals of Alaska.

Dec. 12, 2003.

David D. Reineke, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

STEWART, Judge.

Under Alaska Criminal Rules 5(e)(2), 5(e)(4), and 5.1, a defendant who has been charged with a felony but who has not yet been indicted by the grand jury is entitled to a preliminary examination in the district court. If the defendant is in custody, this preliminary examination is to be held within the ten days following the defendant's

initial appearance; if the defendant is not in custody, twenty days are allowed.[1]

The purpose of the preliminary examination is to determine whether there is good cause to maintain the court's criminal jurisdiction over the defendant—either by holding the defendant in custody or by requiring the defendant to abide by conditions of release imposed under AS 12.30.020–029. If the State establishes probable cause to believe that the defendant has committed a criminal offense, the district court will continue its criminal jurisdiction over the defendant—i.e., hold the defendant to answer to the grand jury.[2] If the State fails to establish probable cause, then the defendant is to be discharged from custody and freed from any conditions of release—although this does not prevent the State from presenting the case to the grand jury.[3]

In the present case, Michael W. Sproates was charged by complaint with three counts of first-degree sexual abuse of a minor,[4] a felony offense. Sproates was unable to post bail, so he remained in custody following his arrest. Sproates's initial appearance took place on December 12, 2002. At that time, the district court scheduled Sproates's preliminary examination for 3:45 p.m. on December 20, 2002—a day that fell within the ten-day time limit for defendants in custody.

But when the parties appeared in court for the scheduled preliminary examination, the prosecutor informed the magistrate that the State was presenting Sproates's case to the grand jury that same day. At the prosecutor's request, the magistrate agreed to delay the preliminary examination until 5:30 that afternoon.

When Sproates's attorney appeared for the 5:30 preliminary examination, the magistrate informed the attorney that he had heard (informally) that the grand jury had indicted Sproates, although the grand jury had not yet presented its indictment in the superior court. Because of the grand jury's action, the magistrate refused to hold Sproates's preliminary examination, or even to go on record to announce that no hearing would be held. The magistrate declared that, because of the grand jury's action, he believed that the district court no longer had any jurisdiction over Sproates's case. Sproates's attorney asked that Sproates be released from custody since no preliminary examination had been held, but the magistrate refused to release Sproates.

The grand jury had in fact voted to indict Sproates on the afternoon of December 20th, but this indictment was not "returned"—i.e., presented in an open session of the superior court[5]—until December 24th.

The question in this case is whether Sproates was entitled to be discharged from custody when the magistrate declined to hold Sproates's preliminary examination and the State presented no evidence that Sproates had committed an offense. We conclude that Sproates was entitled to be released, and that he was unlawfully held in custody for the four days between the aborted preliminary examination and the return of the indictment in the superior court. We further conclude that, even though this issue is moot in Sproates's case, we should decide the issue because it is an important question that might otherwise evade review.[6]

As we have already explained, an unindicted defendant who is held in custody on a felony charge is entitled to a preliminary examination within ten days.[7] If, at the close of the preliminary examination, the State has failed to establish probable cause to hold the defendant, the defendant must be discharged.[8] In Sproates's case, the State declined to present any evidence to justify Sproates's continued detention; moreover, the magistrate declared that the district

1. Alaska R.Crim. P. 5(e)(4).

2. See Alaska R.Crim. P. 5.1(i).

3. See Alaska R.Crim. P. 5.1(h).

4. AS 11.41.434(a)(2).

5. See Alaska R.Crim. P. 6(n)(2) & (n)(3)(i).

6. See State v. Roberts, 999 P.2d 151, 153 (Alaska App.2000).

7. Alaska R.Crim. P. 5(e)(2), 5(e)(4).

8. Alaska R.Crim. P. 5.1(h).

court had lost its authority to conduct the preliminary examination at all.

In its brief to this Court, the State now concedes that the magistrate was "mistaken [in his] belief that [the district court] lacked jurisdiction" to hold a preliminary examination. That is, the State concedes that the district court continued to have jurisdiction over Sproates until the grand jury formally presented its indictment to the superior court on December 24th.

Nevertheless, the State asserts that Sproates was not entitled to release on December 20th. The State points out that, under Criminal Rule 5(e)(4)(A), the district court has up to ten days to hold the preliminary examination of a defendant who is in custody. From this, the State infers that the district court can refuse to hold a scheduled preliminary examination, so long as the ten-day maximum time limit has not yet been exceeded. In other words according to the State, a defendant can automatically be held in custody for ten days without a showing of probable cause.

But Criminal Rule 5(e)(4)(A) does not say this. The rule declares that the defendant's preliminary examination "shall be held within a reasonable time," and it sets an outer limit to the definition of "reasonableness"—i.e., "in no event later than ... 10 days." [9] Here, Sproates's preliminary examination was scheduled for December 20th (the eighth day following his initial appearance), and no one has suggested that this scheduled date was unreasonable. Accordingly, the district court was not at liberty to simply ignore the scheduled hearing and wait for the ten-day maximum time limit to expire. Instead, the district court was obliged to hold the preliminary hearing as scheduled, absent a request to continue the hearing to a later time within the allotted ten days or to a time outside the ten-day limit if "extraordinary circumstances [made a further] delay ... indispensable to the interest of justice." [10]

The State argues that, even though the magistrate was mistaken about the district court's purported lack of jurisdiction, the magistrate's refusal to hold Sproates's preliminary examination was nevertheless consistent with Criminal Rule 5(e)(4) because extraordinary circumstances required a delay of the hearing. The State contends that, because the grand jury had voted to indict Sproates, the scheduled preliminary examination became "essentially superfluous," and the district court would have endangered the public if the court had released Sproates on the 20th.

There are two problems with this argument. First, the prosecuting attorney never asked the magistrate to delay Sproates's preliminary examination on this basis (that is, delay the examination until the grand jury had a chance to return its indictment in open court), and thus the magistrate never ruled on this issue. Instead, as we have explained, the magistrate simply refused to hold any proceedings at all, having erroneously concluded that the grand jury's vote had deprived the district court of all jurisdiction.

Second, the State's argument does not rest on a claim of "extraordinary circumstances." Rather, it rests on circumstances that will predictably occur again and again: a grand jury votes to indict a defendant at approximately the same time as the defendant's scheduled preliminary examination, but the indictment is not returned in the superior court until a later day.

This situation does not justify a deviation from the normal law governing preliminary examinations. Rather, the correct solution to this problem is illustrated by the facts of *Buchanan v. State.*[11] In *Buchanan*, when the parties appeared in court for the defendant's scheduled preliminary examination, the prosecutor announced that the State was about to present Buchanan's case to the grand jury—and that, for this reason, the State would decline to present any evidence at the preliminary examination.[12] Upon hearing the prosecutor declare that the State would not present any evidence to establish that Buchanan was guilty of a criminal of-

---

**9.** Alaska R.Crim. P. 5(e)(4)(A).

**10.** *See* Alaska R.Crim. P. 5(e)(4).

**11.** 561 P.2d 1197 (Alaska 1977).

**12.** *Id.* at 1208.

fense, the district court dismissed the charges against Buchanan and released him from custody.[13]

We conclude that this is the result mandated by Criminal Rule 5.1. If, in circumstances similar to Sproates's case, the State believes that the release of a particular defendant would be inconsistent with the public safety, the State has two ready options: either (1) present evidence of the defendant's guilt at the preliminary examination, or (2) schedule the grand jury hearing so that the indictment can be returned before the defendant's scheduled preliminary examination. In addition, when circumstances present a true emergency, the State can ask the district court to delay the preliminary examination past the time limit specified in Criminal Rule 5(e)(4), to give the grand jury additional time to consider the defendant's case and return its indictment in the superior court.

But the district court violated Criminal Rules 5(e) and 5.1 in Sproates's case when, in the absence of a request for a continuance, the court declined either to hold the preliminary examination or to order Sproates discharged from custody. As a result, Sproates was illegally imprisoned between the afternoon of December 20th and the time the grand jury presented its indictment to the superior court on December 24th.

The action of the district court is DISAPPROVED.