NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ALASKA PUBLIC DEFENDER AGENCY,

Applicant,

v.

SUPERIOR COURT,

Respondent.

Court of Appeals No. A-13508
Trial Court No. 3AN-18-12496 CR

O P I N I O N

No. 2746 — May 19, 2023

Original Application for Relief from the Superior Court, Third Judicial District, Anchorage, Andrew Peterson, Judge.

Appearances: Douglas O. Moody, Deputy Public Defender, and Samantha Cherot, Public Defender, Anchorage, for the Applicant. Kenneth M. Rosenstein, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Respondent. Siena Caruso, Dorsey & Whitney LLP, Anchorage, as *amicus curiae*.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge WOLLENBERG, writing for the Court.
Judge HARBISON, concurring.

Alaska Criminal Rule 45 entitles criminal defendants to a trial within 120 days from the date of service of the charging document.[1]  But the rule also provides that the 120-day clock will pause during certain periods, including — as set out in Rule 45(d)(2) — "[t]he period of delay resulting from an adjournment or continuance granted at the timely request or with the consent of the defendant and the defendant's counsel."[2]

In this original application brought by the Alaska Public Defender Agency, we are asked to decide two questions.

First, we must interpret Rule 45(d)(2).  In particular, we must determine whether a court may toll the speedy trial clock under Rule 45(d)(2) when defense counsel requests or consents to a continuance, but the defendant personally objects.  As we have noted in our prior decisions, the plain language of subsection (d)(2) — which refers to the consent "of the defendant *and* the defendant's counsel" — suggests that a court may not toll the speedy trial clock under these circumstances.  But the Public Defender Agency argues that the use of the word "and" was a scrivener's error, and that the rule only requires the consent of "the defendant *or* the defendant's counsel."

Having reviewed the briefs and the history of the rule, we reject the Agency's proposed interpretation and adhere to the plain language of the rule.  There is nothing in the history of the rule to suggest that the text reflects an obvious mistake or drafting error, or that "and" was intended to mean "or."  Indeed, the language of the provision has remained unchanged despite attempts to change or clarify it.  Accordingly, we conclude that a trial court may not toll the speedy trial clock under Rule 45(d)(2) over the defendant's objection.

---

[1]  Alaska R. Crim. P. 45(b)-(c).

[2]  Alaska R. Crim. P. 45(d)(2).

However, consistent with our prior case law, we continue to hold that when a defendant's counsel requests a continuance, no express personal waiver by the defendant is required. Rather, in the absence of any indication otherwise, courts may presume that defense counsel has spoken with their client and that their client consents to the continuance. If it is nonetheless clear that the defendant objects to their attorney's requested continuance, the court may not toll additional time under Rule 45(d)(2) (although other tolling provisions may apply).

Second, we must address a question that flows from our interpretation of Rule 45(d)(2). When a defense attorney requests a continuance, over the defendant's personal objection, in order to fully prepare for trial, and the trial court sets trial to begin immediately, can the trial court require a defendant to waive any future ineffective assistance of counsel claims based on their attorney's unpreparedness? We conclude that such a waiver is improper and unnecessary.

*Procedural background*

The issues in this original application initially arose in *State v. Ward*, 3AN-18-12496 CR. In December 2018, David Craig Ward was charged with one count of second-degree sexual assault and two counts of second-degree assault,[3] and the court appointed the Alaska Public Defender Agency ("the Agency") to represent him. In February 2019, a grand jury indicted Ward on these charges, and in July 2019, following failed negotiations with the State, Ward determined that he wanted to go to trial as soon as possible. At a status hearing in July, the superior court set Ward's trial to begin on September 16, 2019.

---

[3] AS 11.41.420(a)(1) and AS 11.41.210(a)(1), respectively. Ward was also initially charged with one count of fourth-degree assault under AS 11.41.230(a)(1), but this charge was later dismissed by the prosecution.

On September 10, Ward's attorney filed a motion to continue the trial date because the attorney was unprepared to proceed to trial, due to both personal and work-related reasons. Defense counsel informed the court that Ward objected to the continuance, but argued that Criminal Rule 45 should be interpreted to permit the tolling of time under the circumstances.

The attorney noted that, since the July hearing, the State had provided additional discovery. The attorney explained that he had been unable to review the most recent discovery, and that his ability to work on Ward's case had been materially limited during the month of August for a number of reasons: (1) he was ill and missed significant time from work; (2) he was in another trial during a week in August; and (3) he had to travel out of state with a family member for medical reasons between August 23 and September 6. Ward's attorney asked to continue the trial date for six weeks, until November, noting that he had a homicide trial already scheduled to take place in October. Such a continuance would have resulted in Ward's case being set for trial past the date on which the Rule 45 trial clock was then set to expire.

At a hearing on defense counsel's motion, Ward himself informed the court that he understood the attorney's situation. But he objected to the continuance and wanted to proceed to trial, without waiving any more time under Rule 45, even if it meant that his attorney would not be fully prepared.

The superior court accepted defense counsel's representation that he needed more time to prepare for trial. But the court nonetheless denied the attorney's motion, concluding that both the defendant *and* the defendant's attorney are required to consent to any continuance of the trial date requested under Rule 45(d)(2). The court therefore refused to toll the speedy trial clock under Rule 45 in light of Ward's personal objection. However, the court also determined that, by proceeding to trial despite his attorney's

clear advisement that he was unprepared, Ward was waiving his right to raise future post-conviction relief claims based on his attorney's ineffective assistance at trial.

Ward's attorney filed a petition for review with this Court challenging the superior court's rulings, and we stayed the trial court proceedings pending resolution of the petition. Because the interests of Ward and the Public Defender Agency diverged, and the real party in interest was the Agency itself, we converted the petition into an original application for relief under Alaska Appellate Rule 404.[4] We granted the Agency's request for review, directed the Clerk of the Appellate Courts to appoint an attorney to represent Ward on the issues raised in the original application, and ordered full briefing.[5] We also stated that, notwithstanding our prior stay of the proceedings, the parties were not precluded from negotiating Ward's case or proceeding to trial if the attorneys were prepared to do so.[6]

In December 2019, before the briefing was filed, Ward went to trial with new counsel. He was convicted of one count of second-degree sexual assault and one count of second-degree assault. Although the fact that Ward proceeded to trial with counsel who was prepared to do so rendered the issues raised in this case moot, we

---

[4]    Court of Appeals File No. A-13508 (Order dated Nov. 12, 2019), at 3; *see State, Dep't of Pub. Safety v. Superior Court*, 411 P.3d 648, 649 (Alaska App. 2018) (stating that a third party who is adversely affected by a court order in a criminal case may seek discretionary appellate review of the order by filing an original application for relief under Alaska Appellate Rule 404).

[5]    Court of Appeals File No. A-13508 (Order dated Nov. 12, 2019), at 3-4.

[6]    *Id.* at 5; *see also* Court of Appeals File No. A-13508 (Order dated Nov. 21, 2019), at 3 (explaining that under the terms of our limited stay of the proceedings, Ward could not prospectively waive his right to effective assistance of counsel and proceed to trial with a defense attorney who had asserted that he was not adequately prepared for trial — but that the stay should not be construed as preventing the parties from moving forward with trial once the defense attorney was prepared to do so).

concluded that the case raised important questions of law that justified application of the public interest exception to the mootness doctrine.[7]

At this point, we removed Ward from the application, since he had already gone to trial and thus obtained the remedy he was seeking.[8]  Instead, we appointed an *amicus curiae* to file a brief supporting the following position — that a criminal defendant who objects to a continuance and wishes to proceed immediately to trial may do so without prospectively waiving their right to the effective assistance of counsel.[9] We thank the *amicus*, who agreed to represent this position pro bono, for participating in this matter and providing helpful briefing on this point.

We now turn to the arguments raised in this original application.

*A court may not toll the speedy trial clock under Criminal Rule 45(d)(2) over the defendant's objection*

As we have explained, under Alaska Criminal Rule 45 (also known as the "speedy trial" rule), a defendant must generally be brought to trial within 120 days from the date of service of the charging document.[10]  However, Rule 45(d) enumerates specific

---

[7]    Court of Appeals File No. A-13508 (Order dated Jan. 13, 2020), at 1-2; Court of Appeals File No. A-13508 (Order dated Feb. 19, 2020), at 1; *see also State v. Roberts*, 999 P.2d 151, 153 (Alaska App. 2000) (stating that, under the public interest exception to the mootness doctrine, courts may choose to resolve an otherwise moot issue when "the issue is one of public interest which is capable of repetition and may repeatedly circumvent review").

[8]    Court of Appeals File No. A-13508 (Order dated Feb. 19, 2020), at 1.

[9]    Court of Appeals File No. A-13508 (Order dated Apr. 17, 2020) (appointing Siena Caruso, of Dorsey & Whitney, LLP, to represent this position of criminal defendants).

[10]    Alaska R. Crim. P. 45(b)-(c).

periods of time that are excluded from the 120-day period.[11] In particular, Rule 45(d)(2), the subsection at issue in this appeal, excludes from the 120-day time limit "[t]he period of delay resulting from an adjournment or continuance granted at the timely request or with the consent of the defendant and the defendant's counsel."[12] If the defendant is not brought to trial within 120 days — as extended by excluded periods of time — the remedy is dismissal of the defendant's case with prejudice.[13]

Our past case law has not been entirely clear as to whether a court may toll time under Rule 45(d)(2) over the defendant's objection. In some instances, we have claimed to leave this question open, declining to definitively resolve the issue, and instead simply assuming, for purposes of a given decision, that the tolling of the speedy trial clock under (d)(2) requires the defendant's consent.[14]

At the same time, we have strongly indicated that subsection (d)(2) prohibits a court from tolling time over the defendant's objection. For instance, we have

---

[11]   Alaska R. Crim. P. 45(d)(1)-(7).

[12]   Rule 45(d)(2) further provides that "[t]he court shall grant such a continuance only if it is satisfied that the postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal offenses, and after consideration of the interests of the crime victim, if known[.]"

[13]   Alaska R. Crim. P. 45(g).

[14]   *See, e.g.*, *Baker v. State*, 110 P.3d 996, 999 (Alaska App. 2005) (assuming, but declining to decide, whether the defendant's consent to the continuance was required to exclude time under Rule 45(d)(2)); *State v. Jeske*, 823 P.2d 6, 8 n.1 (Alaska App. 1991) ("We assume, for purposes of deciding this case, that Rule 45(d)(2) requires the defendant's consent to any continuance requested by defense counsel."); *James v. State*, 2015 WL 9257032, at *6 (Alaska App. Dec. 16, 2015) (unpublished) ("This Court has not decided whether the use of 'and' rather than 'or' between 'defendant' and 'defendant's counsel' means that a defendant's personal consent to a continuance is required to toll the speedy trial clock under this provision[.]"); *Williams v. State*, 2006 WL 2458569, at *3 (Alaska App. Aug. 23, 2006) (unpublished) (same).

noted that the plain language refers to "the defendant *and* the defendant's counsel."[15] And notably, in *State v. Jeske*, we held that, if the trial court has tolled time under Rule 45(d)(2) based on defense counsel's request for a continuance and the defendant later personally objects to the trial court's action, the Rule 45 clock resumes running (while the time already elapsed remains excluded from the Rule 45 computation).[16] The clear underlying premise of this holding is that the defendant has personal veto authority over the tolling of the speedy trial clock under subsection (d)(2).

Thus, although we have not expressly held that time may be excluded under (d)(2) only if the defendant consents to the continuance, our past case law strongly supports this conclusion.

---

[15] *See Perez v. State*, 521 P.3d 592, 601 (Alaska App. 2022) (emphasizing that tolling time under Rule 45 requires the defendant *and* defense counsel's consent to a continuance); *Jeske*, 823 P.2d at 8 (recognizing that "the wording of Rule 45(d)(2) apparently requires a criminal defendant's concurrence in any delay or continuance requested by the defense attorney"); *see also Henson v. State*, 576 P.2d 1352, 1356 n.9 (Alaska 1978) (stating that defense counsel's continuance request that tolled the Rule 45 clock was assumed to have been made on behalf of the defendant and with his consent); *Yearty v. State*, 805 P.2d 987, 991 (Alaska App. 1991) ("Absent an affirmative showing to the contrary, we must assume that [defendant's] counsel requested the continuance . . . with [defendant's] knowledge and consent."); *Machado v. State*, 797 P.2d 677, 685 (Alaska App. 1990) (stating that Rule 45 "gives the defendant the right to object to a continuance and that the rule assumes that counsel will make the decision to move for a continuance after consultation with the defendant").

[16] *Jeske*, 823 P.2d at 10 ("When a defendant asserts that he or she never consented to a continuance obtained or stipulated to by defense counsel, Rule 45 remains tolled until the judge makes an affirmative finding that the defendant did not consent to the previously ordered continuance."); *see also Rhames v. State*, 907 P.2d 21, 25 (Alaska App. 1995) (holding that the entire period of the requested continuance was excluded from the Rule 45 calculation because the defendant's objection was never reported to the court).

Given the assumption that consent is required, our cases have primarily focused on the separate question of whether the defendant's consent can be inferred from the surrounding circumstances or whether an express waiver is required. Both the Alaska Supreme Court and this Court have repeatedly held that consent may be implicit — *i.e.*, absent an affirmative objection by the defendant, a trial court can rely on a defense attorney's request for a continuance and need not seek a separate, personal consent from the defendant.[17] For example, in *Jeske*, we held that a defendant's consent to a continuance may be implied from their silence, or even in their absence:

> [A] trial court can rely on a defense attorney's request for a continuance and need not seek a separate, personal consent from the defendant unless the defendant affirmatively objects to the defense attorney's action. This is true even when the defendant is not present in court to witness the defense attorney's request for a continuance . . . or when defense acquiescence in a continuance is manifested by the attorney's filing a statement of non-opposition[.][18]

However, as we noted above, once a defendant brings an objection to the trial court's attention, the Rule 45 clock resumes running.[19]

---

[17]  *Henson*, 576 P.2d at 1356 n.9; *Snyder v. State*, 524 P.2d 661, 664 (Alaska 1974); *Baker*, 110 P.3d at 999-1000; *Jeske*, 823 P.2d at 8; *Machado*, 797 P.2d at 684-85; *Coffman v. State*, 2002 WL 341988, at *14 (Alaska App. Mar. 6, 2002) (unpublished); *see also Wardlow v. State*, 2 P.3d 1238, 1242-43 (Alaska App. 2000) (upholding court's reliance on attorney's agreement to a trial date outside of the Rule 45 period to find defendant had waived right to challenge trial date, even though he was not present).

[18]  *Jeske*, 823 P.2d at 8 (citing *Henson*, 576 P.2d at 1356 n.9; *Yearty*, 805 P.2d at 991; *Machado*, 797 P.2d at 684-85; *Snyder*, 524 P.2d at 663-64; *O'Dell v. Anchorage*, 573 P.2d 1381, 1384 (Alaska 1978)).

[19]  *See id.* at 10; *see also Rhames*, 907 P.2d at 25; *Baker*, 110 P.3d at 999-1000.

In this case, we are faced with a situation in which the defendant affirmatively objected to a continuance at the time it was requested by his attorney — and the superior court, relying on the defendant's objection, denied the attorney's request for a continuance of trial and declined to toll the Rule 45 speedy trial clock.[20] Accordingly, we must definitively resolve whether Rule 45(d)(2) does in fact require a defendant's consent to a continuance in order to toll time under this provision.

In interpreting a statute (or court rule), we examine *de novo* "the meaning of the [rule's] language, its legislative history, and its purpose in light of reason, practicality, and common sense."[21] Under Alaska's "sliding scale" approach to statutory interpretation, "the plainer the statutory language is, the more convincing the evidence of a contrary legislative intent must be."[22]

Here, the plain language of Rule 45(d)(2) is clear: the rule explicitly requires the consent of both a defendant *and* their counsel. While there may be rare instances in which the term "and" must be interpreted as the disjunctive "or" in order to preserve an accurate or rational reading of the statute, as a general matter, the words "and" and "or" are not considered interchangeable.[23] That is, the strict meaning of these terms should be followed when doing so does not render the statute confusing or absurd

---

[20] The court stated that, as of the date of its order — four days before the scheduled trial — 106 days had run for purposes of Rule 45.

[21] *Hayes v. State*, 474 P.3d 1179, 1183 (Alaska App. 2020) (citations and quotations omitted).

[22] *Id.* (citations omitted).

[23] *See* 1A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction*, § 21:14, at 183-84 (7th ed. 2009) ("While there may be circumstances which call for an interpretation of the words 'and' and 'or,' ordinarily these words are not interchangeable. . . . The literal meaning of these terms should be followed unless it renders the statute inoperable or the meaning becomes questionable.").

and there is no clear legislative intent that the words mean something other than what they plainly do.[24] Here, the use of the conjunctive term "and" in Rule 45(d)(2) is not, on its face, ambiguous or illogical.

The Agency asserts that the use of the term "and" was a scrivener's error — *i.e.*, a drafting mistake.[25] In particular, the Agency argues that subsection (d)(2) was meant to require the consent of "the defendant *or* the defendant's counsel" — such that a defendant's consent is not required to toll the speedy trial clock under this provision. The Agency contends that a defense attorney should have the authority to unilaterally request or consent to a continuance that extends the time for trial under Rule 45.

In the past, the State has taken the same position as the Agency.[26] But the State now urges this Court to interpret Rule 45(d)(2) as requiring a defendant's consent to a continuance requested by their attorney in order to toll time. The State asserts that

---

[24] *Id.* at 189; *see also Ray v. State*, 513 P.3d 1026, 1034 (Alaska 2022) ("[W]here a statute's meaning appears plain and unambiguous . . . the party asserting a different meaning bears a correspondingly heavy burden of demonstrating contrary legislative intent." (citations and quotations omitted)); *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 387 (Alaska 2013) (indicating that there must be evidence of strong legislative intent to depart from the plain meaning of a statute, and "[e]ven if legislative history is 'somewhat contrary' to the plain meaning of a statute, plain meaning still controls" (citations omitted)).

[25] *See Scrivener's error*, Black's Law Dictionary, at 683 (11th ed. 2019) (defining "scrivener's error" as "[a]n error resulting from a minor mistake or inadvertence").

[26] *See, e.g.*, *State v. Jeske*, 823 P.2d 6, 8 n.1 (Alaska App. 1991) ("The State argues that the Alaska Supreme Court, when promulgating Rule 45(d)(2), inadvertently changed the 'or' of the ABA standard to an 'and'."); *McCracken v. State*, 1999 WL 3363, at *1 (Alaska App. Jan. 6, 1999) (unpublished) ("The State asks us to declare that, even though Rule 45(d)(2) speaks of continuances granted at the request or with the consent of the defendant *and* defense counsel, the rule should be interpreted as if it said 'the defendant *or* the defendant's counsel'.").

there is nothing in the legislative or rule committee history to override the rule's plain language.

Based on our review of the rule history, we agree with the State.

The current version of Alaska Criminal Rule 45, drafted by the Criminal Rules Committee and adopted by the Alaska Supreme Court in 1971 in Supreme Court Order No. 131, is derived from the American Bar Association (ABA)'s Standards Relating to Speedy Trial.[27] The 1968 ABA Standard did not require a defendant's consent to their attorney's request for a continuance. Rather, it excluded from the speedy trial calculation "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant *or* his counsel."[28] The first proposed version of Alaska Criminal Rule 45(d)(2) largely mirrored the ABA Standard and similarly excluded the "period of delay resulting from a continuance granted at the timely request or with the consent of the defendant *or* his counsel."[29]

However, as the supreme court has expressly noted, "the drafters of Rule 45 altered the ABA proposed speedy trial rules somewhat."[30] In the final version of Rule 45(d)(2) actually adopted by the supreme court, the word "or" was changed to "and." In fact, the final version of Rule 45(d)(2), as it was adopted in 1971, differed from the ABA Standard in a few ways by excluding: "The period of delay resulting from

---

[27] *Peterson v. State*, 562 P.2d 1350, 1357 (Alaska 1977) (citing *Peterkin v. State*, 543 P.2d 418 (Alaska 1975)); *Jeske*, 823 P.2d at 8 n.1.

[28] *ABA Standards Relating to Speedy Trial*, § 2.3 at 25 (Approved Draft 1968) (emphasis added).

[29] *See* first draft of Rule 45, Rule File for Alaska Supreme Court Order No. 131 (Feb. 11, 1971) (emphasis added) (on file with the Alaska Court System Rules Attorney).

[30] *Peterson*, 562 P.2d at 1357 (discussing Rule 45(c)(1) and when the speedy trial clock begins to run).

*an adjournment or* continuance granted at the *timely* request or with the consent of the defendant *and* his counsel."[31]

The Agency asserts that the change in language from the initially proposed rule to the final version of the rule — namely, replacing the word "or" with "and" — must have been due to a drafting error. But the Agency's assertion is based on no more than speculation. The rule file does not contain any minutes or other explanation of the changes that were ultimately adopted; indeed, the Agency acknowledges that the rule history does not demonstrate a clear intent on the part of the drafters. And the changes themselves do not create an absurd or confusing result. Thus, in accordance with the general rules of statutory interpretation in Alaska, the plain meaning of "and" should be followed.

To support its position, the Agency points to two different drafts in the rule history file for Supreme Court Order No. 131. The first draft is the one that substantially reflected the ABA Standard, tolling time when either the defendant *or* the defendant's attorney requested or consented to a continuance. The second draft made several changes to the proposed rule, including changing "or" to "and." The Agency notes that this second draft contained handwritten corrections, including a handwritten notation reinserting the word "his" in the following phrase: "with the consent of the defendant and *his* counsel." (The word "his" was included in the original draft, but was apparently inadvertently excluded from the second draft.) Based on the fact that there are handwritten corrections on the second draft, the Agency argues that "[i]t is quite possible that the subcommittee just missed the fact that the second draft switched 'or' to 'and.'"

---

[31] Alaska Supreme Court Order No. 131 (dated June 10, 1971; eff. Sept. 1, 1971) (emphasis added). In 1994, the phrase "his counsel" was changed to "the defendant's counsel." Alaska Supreme Court Order No. 1153 (dated Mar. 4, 1994; eff. July 15, 1994).

But the author of the handwritten changes on this subsequent draft is unknown, and there is nothing in the file to suggest that the grammatical change from "or" to "and" was unintentional. Indeed, the handwritten insertion of "his" immediately following the word "and" in subsection (d)(2) suggests that, far from being inadvertent, the change was known to the drafters. And as noted above, Rule 45(d)(2) contains more alterations from the ABA Standard than just this one word difference.[32]

We have found nothing else in the history of Rule 45(d)(2) to suggest that these modifications were inadvertent scrivener's errors, as opposed to an intentional decision by the drafters to modify Rule 45 from the ABA Standard. Without more, the mere *possibility* of a drafting error is not enough for this Court to rewrite the plain language of the rule.[33]

Indeed, notwithstanding the suggestion in previous Alaska cases that the defendant has veto authority over the tolling of the speedy trial clock under Rule 45(d)(2), there has been little effort to change the language of the rule — and any attempt to do so has been unsuccessful. In 1987, the question of whether Rule 45(d)(2) requires a defendant's consent was brought to the attention of the Criminal Rules Committee, but the Committee apparently took no action. Specifically, Criminal Rules Committee Chairperson Jeffrey Feldman wrote a memo to the committee, detailing a

---

[32]   In addition to changing "or" to "and" between the words "defendant" and "his counsel," the drafters of Rule 45(d)(2) added the term "adjournment" in addition to "continuance" and inserted the word "timely."

[33]   *See* Ryan D. Doerfler, *The Scrivener's Error*, 110 Nw. U. L. Rev. 811, 816-17 (2016) (explaining that a scrivener's error refers to a "particular sort of legislative mistake" where "the words of a legislative text diverge from what Congress *meant* to say" as opposed to a case in which "Congress simply *should* have said something else").

number of proposals regarding Rule 45(d).[34]  In one of the proposals, Mr. Feldman relayed a request from Superior Court Judge Mark Rowland's law clerk, who stated that clarification was needed as to whether Rule 45(d)(2) required the consent of both the defendant *and* defense counsel.  However, as the parties acknowledge, there is no further discussion of this proposal in the rule history files, and we have not identified any related proposal to amend the rule.

Additionally, in 2019, the Governor proposed a legislative amendment to change the language of Rule 45(d)(2) from "and" to "or."[35]  The proposed rule change was included in numerous drafts of an omnibus crime bill as the bill (and related bills) traveled through committee hearings in both the House and Senate.[36]  But the amendment

---

[34]   *See* Memorandum from Jeffrey Feldman, Crim. Rules Comm. Chairperson, to the Crim. Rules Comm., Rule File for Alaska Supreme Court Order (SCO) No. 932 (Jan. 22, 1987).  The only change enacted in SCO 932 was the deletion of a subsection that tolled the speedy trial clock when a party peremptorily challenged a judge.  Supreme Court Order No. 932 (dated Aug. 31, 1988; eff. Jan. 15, 1989).

[35]   *See* Governor's Transmittal Letter for House Bill 50, 2019 House Journal 170-72 (Feb. 20, 2019) (explaining that "the bill allows a defendant's counsel to agree to continuances of trial.  This is helpful in the event that the defendant's counsel needs more time to adequately prepare for trial.  . . .  Continuances are a tactical matter which the defendant's counsel should control.").

[36]   *See* S.C.S. C.S.H.B. 49 (Ver. F), 31st Leg., 1st Sess., at § 144 (as introduced by the Senate Fin. Comm., May 13, 2019); C.S.S.B. 33 (Ver. C), 31st Leg., 1st Sess., at § 26 (as introduced by the Senate Judiciary Comm., Apr. 24, 2019); House Bill 50 (Ver. A), 31st Leg., 1st Sess., at § 24 (as introduced by the House Rules Comm., Feb. 20, 2019); *see also* Audio of Senate State Affairs Comm., Senate Bill 33, testimony of John Skidmore, Crim. Div. Dir., Dep't of Law, at 4:18:23 – 4:20:17 p.m. (Feb. 19, 2019) ("Right now, the way the rules are written is that . . . [a] continuance [can only] occur with the defendant's consent. The problem with that is that there have been cases in which . . . the defense attorney said 'we need more time to prepare,' the defendants refused to agree to more time for their attorneys to prepare, the case goes to trial, the defendants are convicted, and then after the

(continued...)

was removed in a conference committee between the House and the Senate and was not included in the final version of the bill (House Bill 49) that became law.[37]

The Agency argues that these efforts to change Rule 45(d)(2) demonstrate that the rule was erroneously written to require the consent of both a defendant and their counsel. But if the rule were indeed drafted improperly, then it is hard to explain why these proposals to amend the rule did not succeed. Rather than bolster the argument that Rule 45(d)(2) was originally intended to provide for consent of a defendant *or* their counsel, these unsuccessful efforts to change the rule suggest that "and" was in fact intended to mean "and."[38]

The Agency asserts that reading "and" as "or" is consistent with the other tolling provisions of Rule 45. For example, the Agency notes that, under Rule 45(d)(3)(B), the State is permitted to request a continuance (and thus, toll time if

---

[36] (...continued)
trial, the defendants file [for] post-conviction relief — that is, asking to have the conviction set aside because they say there was some flaw in the way in which the case was handled. . . . This is a way to try and help streamline the process. . . . This puts it squarely on the [defense] attorney's shoulders to ask for [a] continuance. And the hope is that it creates efficiencies within the system.").

[37] FSSLA 2019, ch. 4 (enacting House Bill 49). Initially, the Governor's proposed change from "and" to "or" appeared in the Senate Finance Committee's substitute version of House Bill 49. *See* S.C.S. C.S.H.B. 49 (Ver. F), 31st Leg., 1st Sess., at § 144 (as introduced May 13, 2019). But in the next version of the bill, issued by the conference committee a week later, the section amending Rule 45(d)(2) was deleted. *See* C.S.H.B. 49 (Ver. G), 31st Leg., 1st Spec. Sess. (May 20, 2019).

[38] Legislative developments that occur following the promulgation of a rule are not binding on this Court's interpretation of the provision, but are "a factor that the courts should consider when determining the meaning and effect of the pre-existing [rule]." *See Mosquito v. State*, 504 P.3d 918, 922 (Alaska App. 2022) (quoting *Collins v. State*, 494 P.3d 60, 67 (Alaska App. 2021)).

the continuance is granted) in order to prepare for trial in exceptionally complex cases.[39] The Agency contends that a rule that gives a prosecutor the ability to unilaterally seek such a time-tolling continuance, but not a defense attorney, creates an imbalance between the two sides of the adversarial process.

The Agency also notes that a defense attorney has the authority to file substantive motions in a criminal case, which may toll the time for trial under a different subsection of the rule — Rule 45(d)(1).[40] According to the Agency, if a defendant's objection precludes the tolling of the speedy trial clock under subsection (d)(2) despite defense counsel's good-faith request for a continuance, then defense counsel will be incentivized to file motions that are unlikely to succeed in order to toll time under subsection (d)(1).

But these perceived inconsistencies in the rule's provisions are not a basis for us to overwrite the plain language of subsection (d)(2). (And we note, of course, that attorneys are not entitled to file motions that are frivolous.)

The Agency also raises a number of policy concerns with interpreting subsection (d)(2) to give defendants veto authority over tolling time under that subsection. First, the Agency argues that our interpretation contravenes the traditional allocation of decision-making authority over continuances to defense counsel.[41] But nothing in our decision precludes a defense attorney from requesting a continuance. It

---

[39] Alaska R. Crim. P. 45(d)(3)(B).

[40] Alaska R. Crim. P. 45(d)(1); *see also* Alaska R. Prof. Conduct 1.2(a) (providing that a lawyer controls the means of achieving the client's objectives but must consult with the client about those means); *Machado v. State*, 797 P.2d 677, 685 (Alaska App. 1990) ("[W]hether to bring a motion for a continuance is primarily the responsibility of counsel.").

[41] *See Machado*, 797 P.2d at 685.

is the tolling of time over which the defendant may exercise control under subsection (d)(2).

Thus, when faced with a defense attorney's request for a continuance over the defendant's objection, a court may not toll time under subsection (d)(2), and must consider that factor when ruling on the attorney's request. In response, the court could deny the request for a continuance due to the defendant's objection, or it could grant the request in part, authorizing a shorter continuance than requested (with time running during the short continuance). Or there may be other tolling provisions that apply.

In short, our interpretation of subsection (d)(2) is not inconsistent with the traditional allocation of authority between the defendant and defense counsel.

Second, the Agency argues that an attorney's ethical duties and obligation of zealous representation — and by extension, a defendant's right to a fair trial — are undermined when the attorney is forced to begin a trial before examining all pretrial motions and fully preparing for trial.[42] As the Agency notes, in a majority of states, defense counsel's request for a continuance, despite the defendant's personal objection, tolls the statutory speedy trial clock.[43]

---

[42] *See* Alaska R. Prof. Conduct 1.1(a) cmt. (requiring a lawyer to provide competent representation, including an "inquiry into and analysis of the factual and legal elements of the problem. . . . [and] adequate preparation"); *see also Townsend v. Superior Court*, 543 P.2d 619, 625 (Cal. 1975) (en banc) (stating that when the defendant's right to a speedy trial and the defendant's Sixth Amendment right to competent and adequately-prepared counsel collide, "the trial court must carefully navigate procedurally between the Scylla of delay and the Charybdis of ineffective and inadequate representation" (citation and quotations omitted)).

[43] *See e.g.*, *People v. Anderson*, 649 P.2d 720, 724 (Colo. App. 1982) (holding that a defense counsel's request for a continuance, even without the defendant's personal consent, extends the speedy trial deadline); *State v. Abrams*, 350 So. 2d 1104, 1105 (Fla. Dist. App. 1977) ("[T]he right to a speedy trial is waived when the defendant or his attorney request a

(continued...)

But Alaska is not alone in giving the defendant the right to control the speedy trial clock when a defense attorney requests a continuance. The Kansas Supreme Court, for example, determined that when a defendant "timely voices his or her disagreement" with their defense attorney's request for a continuance, a trial court may not waive the defendant's statutory speedy trial time over their objection.[44]

And at least one jurisdiction forges a middle ground. In California, a defense attorney's request for a continuance is sufficient to extend the speedy trial clock

---

[43] (...continued) continuance. The acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client's wishes."); *People v. Keys*, 552 N.E.2d 285, 287-88 (Ill. App. 1990) ("Even if we were to find that defendant insisted defense counsel demand a speedy trial, the decision to not file a demand for speedy trial is a strategic matter left to the attorney. . . . [T]he decision to demand a speedy trial may be determined by counsel over defendant's objections."); *State v. McHenry*, 682 N.W.2d 212, 231 (Neb. 2004) (noting that "several courts in other jurisdictions have explicitly held . . . that a defense counsel's request for a continuance in order to prepare for trial waived the defendant's statutory right to speedy trial over the defendant's objection to the continuance," and similarly holding that "the statutory right to a speedy trial is not a personal right that can be waived only by a defendant"); *State v. Campbell*, 691 P.2d 929, 938 (Wash. 1984) (en banc) (holding that trial court properly granted defense counsel's request for a continuance, even over defendant's objection, to allow more time to prepare for trial and ensure effective representation and a fair trial); *see also* 5 Wayne R. LaFave et al., *Criminal Procedure* § 18.3(c), at 175 (4th ed. 2015) (identifying states with statutes that designate excluded periods of time "in some detail," the majority of which provide for a continuance granted with the consent of the defendant *or* their counsel (citing Ark. R. Crim. P. 28.3; Haw. R. Penal P. 48; Mass. R. Crim. P. 36; Neb. Rev. Stat. § 29-1207; N.Y. C.P.L. § 30.30; S.D. Codified Laws Ann. § 23A-44-5.1)).

[44] *State v. Vaughn*, 200 P.3d 446, 450-51 (Kan. 2009) (citing *State v. Hines*, 7 P.3d 1237, 1241 (Kan. 2000); *State v. Brown*, 823 P.2d 190, 195 (Kan. 1991)). *But see State v. Ward*, 608 P.2d 1351, 1354 (Kan. 1980) (holding that defendant's statutory speedy trial right was not violated despite defendant's various objections to counsel's continuance requests — namely, because the delays were caused by the defendant's interference with defense counsel's efforts and the need for additional time to develop the insanity defense).

absent the defendant's agreement, but only where counsel "is pursuing his client's best interests in a competent manner."[45] Thus, defense counsel may waive a defendant's statutory right to a speedy trial over the client's objection in circumstances where the delay is required to further the client's interests or is due to an unforeseen or exceptional circumstance, such as illness of counsel.[46] But counsel may not postpone the trial date beyond the statutory period "solely to resolve a calendar conflict and not to promote the best interests" of the defendant, unless the request is supported by the express or implied consent of the defendant.[47]

Moreover, there are competing policy rationales that favor a rule requiring a defendant's personal consent to a continuance in order to toll the speedy trial clock. As the supreme court stated in *Peterson v. State*, "Rule 45 was promulgated to insure protection of the constitutional right to a speedy trial and to advance the public interest in swift justice."[48] During the discussion of the Governor's proposed amendment to Rule 45(d)(2) in 2019, at least one state senator asserted that, because Rule 45 bestows upon defendants the right to have their case tried within a certain period of time, a defendant should have the authority to choose to forgo fully prepared counsel in favor of proceeding immediately to trial.[49]

---

[45] *Townsend*, 543 P.2d at 624.

[46] *See People v. Superior Court (Alexander)*, 31 Cal.App. 4th 1119, 1135-36, 37 Cal. Rptr. 2d 729, 740-41 (Cal. App. 1995).

[47] *Id.*, 31 Cal.App.4th at 1128, 37 Cal.Rptr. 2d at 735 (citations and quotation omitted).

[48] *Peterson v. State*, 562 P.2d 1350, 1358 (Alaska 1977).

[49] *See* Audio of Senate Judiciary Comm., Senate Bill 33, Statement of Sen. Jesse Kiehl, at 3:03:24 – 3:08:16 p.m. (Mar. 25, 2019) (objecting to proposed change to

(continued...)

Ultimately, we conclude that, in the absence of any clear intent to overcome the plain language of the rule, and in light of the competing policy rationales, a continuance sought under Criminal Rule 45(d)(2) requires the consent of both the defendant and the defendant's attorney in order to toll the speedy trial clock.

That said, our case law is clear that a defendant's express personal waiver is not required in order to toll time under Rule 45(d)(2).[50] As the supreme court has recognized, "The outer limits of Alaska's constitutional right to speedy trial are not defined by Rule 45" and "decisions pertaining to waiver of fundamental constitutional rights are inapplicable[.]"[51]

---

[49] (...continued)
Rule 45(d)(2) based on the Senator's belief that "any competent defendant has the right to screw up their own defense"); *cf. McGautha v. California*, 402 U.S. 183, 213 (1971) ("The criminal process . . . is replete with situations requiring the making of difficult judgments as to which course to follow. Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose." (citation and quotations omitted)); *Yoder v. State*, 2008 WL 2853443, at *3 (Alaska App. July 23, 2008) (unpublished) (holding that defendant's choice between two competing rights — waiving right to counsel or agreeing to a continuance that would have exceeded the 120-day speedy trial limit — was "not sufficient to render the choice constitutionally offensive" (citation and quotation omitted)).

[50] *State v. Jeske*, 823 P.2d 6, 8 (Alaska App. 1991) ("[T]he trial court normally does not need to secure a personal waiver from the defendant when the defense attorney takes action or acquiesces in action that, under Rule 45(d), stops the running of Rule 45.").

[51] *Snyder v. State*, 524 P.2d 661, 664 (Alaska 1974); *see also State v. Clouatre*, 516 P.2d 1189, 1191 (Alaska 1973) ("It must be kept in mind that the 120 day period set up by Rule 45 is only a basic datum. A considerably longer period could elapse before trial without resultant unfairness or injustice to the accused."); *Stuard v. Stewart*, 401 F.3d 1064, 1068-69 (9th Cir. 2005) (explaining that a defendant's statutory right to speedy trial under state law does not implicate the constitutional speedy trial right). The constitutional right to a speedy trial is set out in Article I, Section 11 of the Alaska Constitution, which provides: "In all
(continued...)

For this reason, and in light of our prior case law, we continue to hold that, absent evidence to the contrary, a defendant's consent to a continuance requested by defense counsel may be inferred from their silence or even in their absence.[52] As we have previously recognized, "[W]hether to bring a motion for a continuance is primarily the responsibility of counsel."[53] Thus, as a general matter, "the court may rely upon the request of counsel for a continuance, without seeking a separate waiver from the defendant" or engaging a represented defendant in a direct colloquy about their understanding of their speedy trial right or their consent.[54]

At the same time, this rule presumes that counsel will make the decision to move for a continuance only after consultation with the defendant.[55] If the defendant affirmatively objects to defense counsel's request for a continuance, the trial court may not toll the speedy trial clock under Rule 45(d)(2).

---

[51] (...continued)
criminal prosecutions, the accused shall have the right to a speedy and public trial[.]" *See also* U.S. Const. amend. VI (same).

[52] *Jeske*, 823 P.2d at 8; *Coffman v. State*, 2002 WL 341988, at *14 (Alaska App. Mar. 6, 2002) (unpublished); *see also Wardlow v. State*, 2 P.3d 1238, 1242-43 (Alaska App. 2000); *State v. Vaughn*, 200 P.3d 446, 451 (Kan. 2009) (holding that "[a]ctions of defense counsel are attributable to the defendant in computing speedy trial violations unless the defendant timely voices his or her disagreement with those actions").

[53] *Machado v. State*, 797 P.2d 677, 685 (Alaska App. 1990).

[54] *Id.*; *see also Henson v. State*, 576 P.2d 1352, 1356 n.9 (Alaska 1978) (defendant's consent to Rule 45 waiver presumed "[a]bsent some expression of objection" on the record); *Jeske*, 823 P.2d at 8 ("[T]he trial court normally does not need to secure a personal waiver from the defendant when the defense attorney takes action or acquiesces in action that, under Rule 45(d), stops the running of Rule 45.").

[55] *Machado*, 797 P.2d at 685; *see also* Alaska R. Prof. Conduct 1.2(a) (providing that a lawyer controls the means of achieving the client's objectives but must consult with the client about those means).

*A note on the application of other tolling provisions*

As we noted earlier, the conclusion we reach today — that the trial court may not prospectively toll the speedy trial clock under Criminal Rule 45(d)(2) if the defendant objects to the requested continuance — is supported by our existing case law.[56] Today's opinion is intended to clear up any misunderstanding about the requirements of the rule and about defense attorneys' obligations to explain the rule to their clients and to obtain their consent to any requested continuances.[57]

But we acknowledge the practical challenges that this ruling may present, and the question naturally arises as to what a court should do when faced with a defendant's objection to a defense attorney's request for a continuance. *Amicus curiae* suggests that the solution is to be found in Rule 45(d)(7) — the catch-all provision of Rule 45 that grants trial courts the authority to toll "[o]ther periods of delay for good cause." This provision has been used to toll the speedy trial clock in situations where the defense counsel was unavailable for trial on a particular date.[58]

---

[56]   *See Jeske*, 823 P.2d at 9 (holding that "[o]nce it is clear that the defendant has not consented and will not consent to the continuance, Rule 45(d)(2) directs the trial judge to restart the Rule 45 clock").

[57]   When a defendant is unrepresented, it is the trial court's responsibility to explain the speedy trial rule to the defendant and the effect that any continuance will have on the speedy trial clock. *See* Alaska R. Crim. P. 45(d)(2) ("A defendant without counsel shall not be deemed to have consented to a continuance unless the defendant has been advised by the court of the right to a speedy trial under this rule and of the effect of consent.").

[58]   *See, e.g., Baker v. State*, 2010 WL 5022043, at *2 (Alaska App. Dec. 8, 2010) (unpublished) ("Regardless of the defendant's consent, the unavailability of trial counsel will ordinarily constitute 'good cause' for a short delay of a trial."); *Simeon v. State*, 2001 WL 987225, at *4 (Alaska App. Aug. 29, 2001) (unpublished) (upholding the tolling of Rule 45 under subsection (d)(7) where defendant's original counsel was unavailable and substitute counsel had to be appointed); *see also Cook v. State*, 2006 WL 2578646, at *2 (Alaska App.

(continued...)

But there are limitations to the use of this provision. In *Peterkin v. State*, the Alaska Supreme Court addressed whether Rule 45(d)(7)'s general "good cause" exception could be used to cover a situation that was otherwise covered by a different enumerated exception.[59] The alleged cause of delay in *Peterkin* was the physical condition of the complaining witness who had suffered a gunshot to the head and whose future ability to participate at trial was still unclear.[60] As the supreme court noted, Rule 45(d)(3)(A) grants trial courts the authority to toll the speedy trial clock when a prosecutor timely requests a continuance, and:

> The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date[.][61]

But the problem in *Peterkin* was that the prosecuting attorney never moved for a continuance on that basis. The supreme court therefore addressed the question of "whether the physical condition of the victim constitute[d] good cause within

---

[58] (...continued)
Sept. 6, 2006) (unpublished) (upholding court's tolling of Rule 45 based on defense attorney's unavailability where defendant did not challenge court's finding that her attorney had conflicting obligations during that time period); *Walluk v. State*, 2007 WL 293074, at *2 (Alaska App. Jan. 31, 2007) (unpublished) (same); *Rosenquist v. State*, 2007 WL 3317537, at *2 (Alaska App. Nov. 7, 2007) (unpublished) (same); *McGahan v. State*, 2007 WL 4125312, at *2 (Alaska App. Nov. 21, 2007) (unpublished) (same); *cf. Keller v. State*, 84 P.3d 1010, 1012-15 (Alaska App. 2004) (holding that the unavailability of a substitute local trial judge and the need to assign a judge from a different court location was good cause for a short delay).

[59] *Peterkin v. State*, 543 P.2d 418, 423 (Alaska 1975).

[60] *Id.* at 420.

[61] *Id.* at 419 n.2 (quoting Alaska R. Crim. P. 45(d)(3)(a)).

Rule 45(d)(7) absent a motion for a continuance under Rule 45(d)(3)(a)."[62]  The court concluded that Rule 45(d)(7) was intended to cover only those "unique" or "unforeseen" circumstances that were not otherwise covered by the other enumerated exceptions, noting that the procedural protections provided by Rule 45(d)(3)(A) would be "diluted if the State may safely ignore the motion requirement, let time run beyond the 120-day period, and then rely on a post hoc adjudication, with full benefit of hindsight, under the residual 'good cause' category."[63]

*Peterkin* therefore suggests that the (d)(7) "good cause" exception should be used sparingly and that trial courts should be hesitant to rely on subsection (d)(7) to toll Rule 45 if the delay would otherwise have been covered by subsection (d)(2) but for the defendant's objection.  Instead, trial courts should question the defense attorney regarding the reasons for the requested continuance to determine whether the speedy trial time should run (the default) or whether tolling is appropriate under another provision.

Thus, for example, if the reason for the requested continuance involves the State's failure to timely produce routine discovery under Alaska Criminal Rule 16(b)(1), the court should consider allowing the time to run while taking necessary action to enforce the self-executing mandate of Rule 16(b).[64]  Or, if the reason for the requested continuance involves "unique" or "unforeseen" circumstances such as the attorney's illness or the illness of a family member, tolling under subsection (d)(7) may be appropriate.

---

[62]  *Id.* at 423.

[63]  *Id.* at 423-24.

[64]  *See Miller v. State*, 706 P.2d 336, 339 (Alaska App. 1985) (holding that the defendant's standard discovery request that the State provide mandatory disclosures under Rule 16(b) did not toll Rule 45 because no court action was required).  The reasons why discovery is delayed should also figure into the court's calculus.

In *Peterkin*, the supreme court recognized that there may be rare circumstances when the interests of justice require tolling of the speedy trial clock even though none of the tolling provisions apply.[65] The court explained that Alaska Criminal Rule 53, the catch-all provision for the criminal rules, is the appropriate remedy for such situations. Rule 53 provides:

> These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.[66]

Thus, when it is manifest to the trial court that the failure to toll Rule 45 would cause injustice, the court may conclude that justice requires a relaxation of the joint consent requirement in Rule 45(d)(2). But this option should be used only in those extreme situations that warrant it.[67]

*The prospective waiver of future ineffective assistance of counsel claims was improper*

We now turn to the superior court's decision to require Ward, the defendant in the original underlying trial court case, to waive future claims of ineffective assistance

---

[65] *Peterkin*, 543 P.2d at 424.

[66] Alaska R. Crim. P. 53; *see also Peterkin*, 543 P.2d at 424 ("Reliance on Rule 53 will assure that no grave inequities are perpetrated where non-compliance with one of the enumerated exclusions found in subsections (1) through (6) of 45(d) is justifiable or excusable.").

[67] *See, e.g.*, *Peterson v. State*, 562 P.2d 1350, 1360 (Alaska 1977) (holding that relaxation of Rule 45 was appropriate because of the combination of four factors unique to the case — "(1) the severity of the crimes alleged, (2) the lack of any identifiable prejudice to the [defendant] due to the delay, (3) the extremely short period of delay beyond 120 days, and (4) the unique difficulty of investigating crimes in bush areas" — but noting that "few cases will be sufficiently unusual to justify relaxation of Rule 45").

of counsel if he wished to proceed to trial with his attorney who stated on the record that he was unprepared.[68]

The superior court informed Ward that if he proceeded to trial with an unprepared attorney, "[Y]ou would be giving up your ability to file what's called a post-conviction relief application to challenge the performance of your attorney during the trial." The court stated, "You're not going to be able to claim that he showed up at trial . . . and wasn't prepared and ready as he should be." Ward stated that he understood, and that he still wanted to proceed immediately to trial.

Ward's attorney objected to this waiver, arguing that Ward could not fully understand what he was waiving since he could not foresee what would happen at trial. The superior court disagreed: "[C]ertainly, if the claim by Mr. Ward going forward were to be that [his attorney] was not fully prepared for trial, that seems like something he can waive. [His attorney is] telling him right now that [the attorney is] not fully prepared for trial."

But the court then had difficulty explaining the parameters of the waiver to Ward. For example, the court struggled to distinguish between ineffective assistance claims based on the trial attorney's lack of preparation — which Ward was waiving — and those based on other errors:

> If it maybe is [that defense counsel] failed to object to something that [he] clearly should have, any competent lawyer would have, or — I don't know, failed to argue a jury instruction properly, those seem like things that, . . . whether or not you're fully prepared for trial . . . , would not

---

[68] Because Ward proceeded to trial with prepared counsel following our decision to grant this original application and order full briefing, any waiver of his future ineffective assistance claims with respect to his initial counsel became moot. *See* Court of Appeals File No. A-13508 (Order dated Jan. 13, 2020), at 1-2; Court of Appeals File No. A-13508 (Order dated Feb. 19, 2020), at 1.

necessarily be excused. . . . So I mean, I've been thinking about this as well. It's difficult — I mean, there's so many possible things out there. . . . I don't know how we answer them all.

In their briefing, the Public Defender Agency and *amicus curiae* both argue that Ward's purported waiver of his future ineffective assistance of counsel claims was invalid. In the trial court and in its opposition to Ward's initial petition before this Court, the State argued that such a waiver was permissible. However, in its later briefing, the State now agrees with the Agency and *amicus curiae* that a prospective waiver of all ineffective assistance of counsel claims is improper. We agree with the parties that such a waiver is both invalid and unnecessary.

The challenge the trial court faced in attempting to explain the waiver to Ward underscores why his waiver was invalid. A waiver is an intentional relinquishment or abandonment of a known right or privilege.[69] In order to knowingly and intelligently waive a right, a defendant must understand the risks involved in that decision.[70] But here, the court was unable to explain to Ward exactly what types of claims he was waiving.

Given the difficulty in explaining the mistakes that an unprepared lawyer could potentially make, and the further difficulty of untangling these errors from those that even an unprepared attorney would be expected to avoid at trial, we question whether a court could ever sufficiently alert a defendant to the risks of waiving a future

---

[69] *Glasgow v. State*, 469 P.2d 682, 687 (Alaska 1970) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

[70] *See In re Sealed Case*, 901 F.3d 397, 400 (D.C. Cir. 2018) (explaining that an "anticipatory waiver" can meet the requirements of a "knowing, intelligent, and voluntary" waiver only if "the defendant is aware of and understands the risks involved in [their] decision").

ineffective assistance of counsel claim under these circumstances. In addition, a general waiver of future ineffective assistance claims could give rise to a conflict of interest — because a defense attorney cannot advise a defendant about whether to waive a future claim against that attorney.[71] We therefore conclude that requiring Ward to enter a formal waiver of future ineffective assistance of counsel claims under these circumstances was improper.

Moreover, requiring such a waiver is unnecessary, as our existing system for evaluating post-conviction claims of ineffective assistance of counsel already requires a reviewing court to assess the attorney's performance within the specific context of each case. In particular, when a court evaluates a defendant's claim of incompetent counsel, the court compares the attorney's performance under the circumstances of each individual case against the standard for minimum competence.[72]

Thus, in a case where a defendant invokes their right to a speedy trial over their attorney's request for a continuance to further prepare for trial, a court later evaluating the defendant's claim of ineffective assistance must consider the totality of the circumstances, including why the attorney needed additional time to prepare. Rather than engaging the defendant in a formal waiver of potential ineffective assistance claims due to defense counsel's lack of preparation, trial courts need only ensure that a

---

[71] *Id.* at 403-04 (noting that a waiver of future ineffective assistance of counsel claims would "give rise to a conflict of interest for counsel: an attorney generally cannot advise a client about whether to waive a pending claim against the attorney herself" (citing John Wesley Hall Jr., *Professional Responsibility in Criminal Defense Practice* § 10:27 (3d ed. 2017))).

[72] *See State v. Jones*, 759 P.2d 558, 569 (Alaska App. 1988) (noting that for a defendant to rebut the presumption of their attorney's competence, the defendant "must overcome the presumption that, *under the circumstances*, the challenged action 'might be considered sound trial strategy'" (emphasis added) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984))).

defendant wishing to proceed to trial understands that defense counsel does not believe they are fully prepared for trial and confirm that the defendant would like an immediate trial anyway.[73]

Under these circumstances, a trial court should explain to the defendant that a court evaluating a future ineffective assistance of counsel claim will take into consideration any reduced time the attorney had to prepare for trial. Ideally, the trial court will also inquire into the amount of preparation the defense attorney has conducted and what the attorney has not yet done in order to make a robust record for examination of any later post-conviction relief claims.

But ultimately, given that the speedy trial rule gives defendants the authority to object to their attorney's request for a continuance and preclude the tolling of time under Rule 45(d)(2), we conclude that defendants may choose to proceed to trial against their attorney's advice without formally waiving any future ineffective assistance of counsel claims.

*Conclusion*

For the reasons set out in this opinion, we conclude that Alaska Criminal Rule 45(d)(2) requires the consent of both defense counsel and the defendant in order to exclude from the speedy trial calculation the period of delay attributable to a defense request for a continuance — although courts may presume that a defendant personally consents in the absence of any indication otherwise. Where a defendant does object to

---

[73]  *See Commonwealth v. Szuchon*, 484 A.2d 1365, 1375-76 (Pa. 1984) ("Just as a criminal defendant may knowingly and intelligently choose to waive his right to be represented by counsel, so too may a defendant knowingly and intelligently choose to proceed to trial represented by counsel who has had little or no time for preparation. In the latter case, the defendant must accept the consequences of counsel's lack of preparation."), *abrogated on other grounds*, *Commonwealth v. Lucarelli*, 971 A.2d 1173 (Pa. 2009).

their attorney's request for a continuance and insists on proceeding to trial immediately (and trial does proceed immediately), the defendant need not execute a waiver of future ineffective assistance of counsel claims.

Judge HARBISON, concurring.

Although I agree with the Court's disposition of this case, I write separately to address the practical implications of our decision.

In my view, the conclusion we reach today, that when the trial court grants a continuance, this will not toll the speedy trial clock unless both the defendant and the defense attorney consent to the continuance, is well-established law. However, the briefing in this case suggests that practitioners and trial courts have not had a uniform understanding of this requirement and that enforcement of this rule may have been erratic.

Alaska's appellate courts have long held that the time for trial under Alaska Criminal Rule 45 may be tolled after an attorney consents to a continuance and that it is not necessary for a trial court to personally address the defendant.[1] But, as we explain today, Rule 45(d)(2) allows for tolling of the speedy trial clock only if both the defense attorney and the defendant consent to the continuance. The rule assumes, as does our appellate case law, that a defendant who is represented by an attorney need not be advised by the court of their right to a speedy trial or the effect of their consent because the attorney has a duty to provide this information and to notify the trial court if the defendant does not consent.[2] On the other hand, Rule 45(d)(2) specifically provides that

---

[1]    *See Snyder v. State*, 524 P.2d 661, 664 (Alaska 1974) (explaining that the Rule 45 speedy trial right is not a fundamental right requiring a direct colloquy between the trial court and the defendant); *O'Dell v. Anchorage*, 573 P.2d 1381, 1384 (Alaska 1978) (holding that defense counsel's non-opposition to a continuance "was tantamount to consent" that tolled the defendant's speedy trial time).

[2]    *See Machado v. State*, 797 P.2d 677, 685 (Alaska App. 1990) (explaining that the Court "assumes that counsel will make the decision to move for a continuance after consultation with the defendant").

a defendant who is without counsel will not be deemed to have consented to a continuance unless the trial court advises the defendant of their right to a speedy trial and the effect of consenting to a continuance.

In other words, the rule assumes that when a defendant is represented by an attorney, *the attorney* will advise the defendant of their right to a speedy trial and the effect of consenting to a continuance. But when a defendant is unrepresented, *the court* will provide this advisement. Similarly, once an attorney has provided this advisement to a defendant, if the defendant objects to the continuance, the attorney has a duty to be candid with the court and to inform the court of the defendant's objection.

Criminal Rule 45(d)(2) also contains a provision that restricts the court's ability to grant a continuance requested by, or with the consent of, the defendant and the defense attorney. Under this provision, a court may grant such a continuance "only if it is satisfied that the postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal offenses, and after consideration of the interests of the crime victim, if known[.]"

Rule 45 is intended to protect the rights of criminal defendants and also to protect the public's significant interest in timely justice. It seeks to accomplish this in several ways: (1) by giving preference to criminal proceedings over other matters on the court's calendars (and also giving preference to cases with defendants in custody); (2) by requiring trial courts to set trial dates at the time of arraignment and to immediately set a date certain for trial if a trial date is vacated; (3) by requiring that a criminal defendant be tried within 120 days from the date the charging document is served on the defendant; and (4) by limiting the periods of time that may be excluded in computing the time for trial.[3]

---

[3] Alaska R. Crim. P. 45(a), (b), (c)(1), and (d).

In spite of Rule 45's clear purpose, in Alaska, the mean time to disposition for felony cases that resolve by a jury trial has hovered at around 600 days.[4] For misdemeanor cases that are resolved by jury trials, the mean time to disposition has been just under 365 days.[5]

The causes of pretrial delay in Alaska are complex, and the blame for them cannot be placed on any single institutional actor. Overburdened prosecutors and defense attorneys alike rely on delays in the system, and trial courts with busy dockets are left to enforce Rule 45, often over objections from both parties.

But this case suggests that a widespread misunderstanding of the tolling provisions of Rule 45(d)(2) may be partly to blame for the current situation in which extraordinary delays have become the norm, and the rights of criminal defendants and the public interest in the prompt disposition of criminal offenses are given short shrift. The clarity provided by today's opinion — that a continuance will not toll the time for trial under Rule 45(d)(2) unless the defendant consents to it — will not, standing alone, reduce pretrial delay in Alaska. But it may bring Rule 45 one step closer to its original purpose of ensuring that criminal defendants are brought to trial without undue delay.

---

[4]     Alaska Criminal Justice Commission, *2020 Annual Report* 55 (Oct. 30, 2020), http://www.ajc.state.ak.us/acjc/docs/ar/2020.pdf (chart showing time to disposition for felony cases from 2017-2020). This excludes data from after April 2020, as these data were impacted by the pandemic and have become much worse. *See* Alaska Criminal Justice Commission, *2021 Annual Report* 44 (Nov. 1, 2021), http://ajc.alaska.gov/acjc/docs/ar/2021.pdf.

[5]     Alaska Criminal Justice Commission, *2020 Annual Report* 55 (Oct. 30, 2020), http://www.ajc.state.ak.us/acjc/docs/ar/2020.pdf.